The opinion of the Court was afterwards delivered by
Parsons, C. J.
The question to be decided, on the facts agreed in this case is, whether the defendant is liable in this action. If an action is maintainable against any person, it must be the defendant; for the guardian of an insane person cannot make his ward liable to an action as on his own contract, by any promise which the guardian can make. Neither can the defendant be sued in his capacity of guardian, so as to make the estate of his ward liable to be taken in execution; for the judgment is not against the goods and estate of the ward in his hands, but against himself. A creditor may sue the insane person, who shall be defended by his guardian, and in that case, judgment being against the insane person, it may be satisfied by his property (a).
The defendant’s description of himself in the notes as guardian, cannot vary the form of the action; but it is for his own benefit, that, on payment of the notes, he may not be precluded from charging the moneys paid to the account of his ward. If the defendant, therefore, was ever liable to this suit, he must continue liable, notwithstanding the discharge of the guardianship; for by that the *232 plaintiff’s rights cannot be affected, whose claim is on the defendant personally, and not on his official character (a).
But the ground of defence, which requires the most attention, is whether there was a sufficient consideration for the promise; for it may be said to be a promise to pay the debt of another, which is no good cause of action, although in writing, if there be not a sufficient consideration expressed. For the statute of 1788, c. 16., which provides that a man shall not be holden on his promise to pay the debt of another, unless the agreement be in writing, does [ * 302 ] not render a consideration for such * promise, when written, unnecessary; for a written contract is not a specialty, which, from the solemnity of its execution, presumes a consideration.
The notes in this case are negotiable, purport to be for value received, and are, in fact, in consideration of debts then justly due from the ward to the plaintiffs; which debts the defendant was bound to pay, if he had sufficient assets, which it is not denied that he had, when the notes were given. Now, a negotiable note, expressed to be for value received, is a promise for a legal consideration; although, as between the original parties, the promiser may show that there was no value received (b).
It has long been settled as law in this state, that a negotiable note, given in consideration of a simple contract debt due, is a discharge of the simple contract. This was decided before the revolution, in an action commenced by Warren, administrator of Wheel-right. It was found specially, that the defendant had given a negotiable note to the plaintiff’s intestate, in consideration of the debt sued by the administrator, and the defendant was discharged. The reason of the decision was, that the defendant might not be held to pay the money twice. For if the administrator could recover, the defendants might afterwards be obliged to pay the note to an endorsee ignorant of the consideration. It was therefore determined that the law will presume a negotiable note is agreed by the parties to be payment of the simple contract. This case does not indeed decide that the plaintiff may not encounter the presumption, by proving an express agreement that the note should be received as a collateral security.
In the case before us, the ward justly owed the plaintiffs, and the defendant was obliged to the payment of the ward’s debts, if he *233 had assets. These notes must therefore be considered as a discharge of the ward from his debts due to the plaintiffs, as paid by the guardian. And the defendant may lawfully indemnify himself out * of the estate of the ward, by action [ * 303 ] for money paid to his use, in the same manner as if the defendant, instead of giving the notes, had paid the debts with his own money. There is, therefore, a sufficient consideration appearing on the face of the notes, and it appears that in fact there was a legal consideration moving from the defendants, by having their debts against A. L. discharged (a).

Judgment must be rendered on the verdict.

 Ex parte Leighton, 14 Mass. 207.

 Forster vs. Fuller, 6 Mass. 58. — Jones Ux vs. Brewer, 1 Pick. 314. — Thomas vs. Bishop, Str. 955. — Eaton vs. Bell, 5 B. & A. 34. — Childs vs. Morins & Bowles, 2 Br. & Bing. 460.

 Hill vs. Buckminster, 5 Pick. 391. — Mills vs. Wyman, 3 Pick. 207. — Amherst Academy vs. Cowls, 6 Pick. 427. — Fowler vs. Shearer, 7 Mass. 31. — Van Cleef vs Therasson, 3 Pick. 12.

 Quære as to the law laid down in this case, and see the note to Chapman vs. Durant, 10 Mass. 51. 3d Edition, and the cases there cited.