Clapp,
in his answers, disclosed a general assignment by indenture to himself from Hart, of goods and choses in action, in trust to sell the goods and collect the sums which should be due on the choses in action, and out of the proceeds to pay the debt due to himself from Hart and the debts of other creditors who should sign the indenture, and if a balance should remain in his hands, to pay it over to Hart. He answered further, that in consequence of Dennie’s telling him that he should sue him as trustee of Hart, it was agreed between Hart and himself, just before the service of the trustee process, that the balance which would be due to Hart should be paid over to him, and that he then gave Hart a check, in-common form, for 800 dollars, as the probable balance ; that if the funds in his hands should prove insufficient to satisfy the claims of the parties of the third part, he considered that he should have a conscientious, but not a legal claim upon Hart to make up the deficiency ; that he did not know that the check had ever been presented at the bank for payment, that he had never been charged with it in his account with the hank, and it had never been presented to him for payment ; that there was no agreement between Hart and himself that the check should not be presented for payment, or that it should be placed in the hands of a third person ; that some days after it was given, Hart told him that he was going to New York and should be absent several weeks, whereupon he suggested to Hart the propriety of placing the check in the hands of some person, by whom the amount might he applied towards the payment of the demands of *219 Hart’s creditors, not already provided for, and that Hart assented to the propriety of this and accordingly put the check into the hands of one Hayward, a clerk in Clapp’s store ; that he was not informed of the particular instructions given by Hart to Hayward, and that he was told that the check was still in Hayward’s possession.
Loring for the plaintiff.
Sumner and Flint for the trustee.
It was contended on the part of Clapp, that his answers were to be taken as true. He swears that there was no express or implied understanding that the check should not be presented for payment. Hart took it away when it was made, and Clapp had no reason to think it would not be presented. It was negotiable by delivery and was a payment to Hart, supposing that there was no fraud in the transaction. (See the cases cited in Bigelow’s Dig. Promissory Notes, F.) Clapp therefore is entitled to be discharged.
But it was answered, and so resolved by the Court, that the giving of the check was no payment.* [1] The check was never presented, and Clapp has the control of it, and may revoke it when he pleases. Clapp is therefore adjudged trustee.

 Cromwell v. Lovett, 1 Hall, 51; Peake’s Ev. (2d Lond. ed.) 251; Patton v. Ash, 7 Serg. & R. 116 ; People v. Howell, 4 Johns. R. 296; 3 Stark. Ev. 1089, A promissory note given to a creditor is not payment of the previous debt, where it is not intended as such between the parties. Watkins v. Hill, 8 Pick. 522; Van Ostrand v. Reed, 1 Wendell, 424; Barrelli v. Brown, 1 M‘Cord, 449. Aliter, if it be so expressly agreed. New York State Bank v. Fletcher, 5 Wendell, 85. See also Thatcher v. Dinsmore, 5 Mass. R. 299; Bill v. Porter, 9 Conn. R. 23; Chastain v. Johnson, 2 Bailey, 574. Or where it is accepted in satisfaction of a debt; Hutchins v. Olcutt, 4 Vermont R. 549; and see cases supra.