## ENOCH HUSE & others *vs.* WILLIAM ALEXANDER.

Where one became surety for the maker and the indorser of four notes, payable at different times, by putting his name as second indorser on two other notes, made and indorsed by the same parties, and given as collateral security for payment of the first four notes; and such of the first four notes, as were not paid by the maker or indorser in cash, were taken up by the maker, on his giving new notes, indorsed by a third person, and payable on extended time; it was held that, in the absence of evidence to the contrary, the last mentioned notes must be regarded as payment of those which were taken up, and that the second indorser of the two notes given as collateral security was thereby discharged.

ASSUMPSIT on two promissory notes, dated September 19th, 1836, given by James Hibbert to Edmund G. Hibbert or order, each for $500, and payable, one in five, and the other in six months from date, and first indorsed by the payee, and then by the defendant.

From the report of *Dewey,* J. before whom the case was tried, it appeared that on the 19th of August, 1836, Ralph C. Huse sold to said James and Edmund G. Hibbert, a quantity of wool, for $2121·71, on six months' credit, and that the wool was delivered at different times during that year. The said Hibberts gave their notes therefor as follows, viz. two notes of $500 each, dated September 7th, 1836, one payable in five, the other in six months ; two other notes, dated October 22d, 1836, one for $557·78, payable in four months, the other for $563·93, payable in six months. All these notes were made by said James Hibbert, payable to Edmund G. Hibbert, or order, and indorsed by said Edmund.

On the 19th of September, 1836, the two notes on which this action was brought, were given by the defendant to said Ralph C. Huse, as collateral security, at the request of the said Hibberts ; and the said Ralph, before the maturity of the four notes above mentioned, which were given for the wool as aforesaid, passed those notes to the plaintiffs, for value received, and at the same time delivered to them the two notes now in suit, to be held by them as collateral security.

The two notes of September 7th were discounted for the plaintiffs, at a bank in Newburyport, and that which was payable

in five months was paid by the maker, soon after its maturity. The other note was paid at maturity, by the Hibberts, by their giving therefor two other notes of $ 250 each, signed by James Hibbert payable to Edmund G. Hibbert, and indorsed by him and by the plaintiffs ; one of said notes being made payable in fifteen, and the other in thirty days. The first of these notes was paid by the maker, when it fell due, and the second was taken, when due, by the maker, who paid $ 100 in cash, and gave a new note for $ 150, executed by the same parties, which was taken up, when due, by the plaintiffs as second indorsers.

The two $ 500 notes of September 7th, when paid as above mentioned, were delivered to James Hibbert the maker.

The two notes of October 22d, were paid by J. & E. G. Hibbert, by giving the plaintiffs $ 450 in cash, and three other notes signed by J. Hibbert, payable to Edmund G. Hibbert or order, indorsed by him and by J. E. Tibbets, one payable in sixty days, one in ninety, and the other in four months from their date on the 2d of April, 1837.

The two notes of October 22d, were produced by the plaintiffs at the trial, cancelled, and on the note payable in four months was indorsed, "Rec'd $ 450 of the within."

The plaintiffs contended that the notes in suit, indorsed by the defendant, were placed in their hands as collateral security for the whole price of the wool, to be retained by them notwithstanding the aforesaid renewals and exchanges of the principal notes, until they should be paid for the wool ; and that they were entitled to recover for the amount remaining unpaid.

The defendant contended that the notes were collateral security for part only of the price of said wool, viz. $ 1000, and that the evidence showed that so much was paid by the payment of the two notes of September 7th ; and that in the absence of evidence of his assent to the giving of the new notes and the extension of the time of payment, and by the taking of new security for the same, he was discharged, even if the notes which he indorsed were given as collateral security for the whole of the wool.

By consent of the parties, the case was submitted to the jury on the single question whether the notes in suit were given as collateral security for the full price of the wool, or for $ 1000 only ; and the jury found that the notes were given "as security for the whole payment of the wool."

The question reserved for the court was, whether the facts above stated constitute a defence to the action.

*Hills,* for the defendant. The defendant's relation to the plaintiffs is that of a surety. The notes were given, at the request of the principals, (the Hibberts) to R. C. Huse, and were passed by him to the plaintiffs as collateral security for the notes given for the wool, which notes he also passed to them. The plaintiffs had therefore sufficient notice of the contract on which the notes were given. 3 Kent Com. (3d ed.) 91. 112. *Clark* v. *Devlin,* 3 Bos. & Pul. 366.

As a surety, the defendant was discharged by the plaintiffs' giving up and cancelling the principal notes, and by taking new ones. Poth. on Oblig. P. ii. *c.* 6, § 1. *Sneed* v. *White,* 3 J. J. Marsh. 527. *Whitaker* v. *Smith,* 4 Pick. 83. Chit. Con. (Perkins's ed.) 419.

The plaintiffs, by giving up the first notes and taking new ones on extended time, without the defendant's consent, discharged him, as they thereby prevented themselves from suing the principal debtors until the maturity of the new notes. 3 Kent Com. (3d ed.) 111. *Grafton Bank* v. *Woodward,* 5 N. Hamp. 99. *Shaw* v. *Griffith,* 7 Mass. 494. *Gould* v. *Robson,* 8 East, 576. *Combe* v. *Woolf,* 8 Bing. 156. *Commercial Bank* v. *French,* 21 Pick. 489. *Hubbly* v. *Brown,* 16 Johns. 70. *Letcher* v. *Bank,* 1 Dana, 82. *Norton* v. *Roberts,* 4 Monr. 494. *Bowmaker* v. *Moore,* Daniell, 264. The decisions in *Oxford Bank* v. *Lewis,* 8 Pick. 458, and *Central Bank* v. *Willard,* 17 Pick. 150, turned upon the *application* of the principle on which the defendant relies, in the case at bar, and do not conflict with the position which he takes.

A variation of the contract, without the surety's assent, discharges him, even though the variation may be for his benefit. He has a right to stand upon the strict letter of his contract.

*Miller* v. *Stewart*, 9 Wheat. 703. 3 Kent Com. (3d ed.) 112 Chit. Con. (Perkins's ed.) 419 *a*.

If the court hold that the defendant pledged the notes now in suit, and that they were not accommodation notes, yet the principle on which he relies governs in cases of pledge, both in the civil and common law. Story on Bailm. §§ 360. 364.

*Le Breton*, for the plaintiffs. There has been no payment of the original debt. By the common law, one simple contract is not discharged by another. *Banorgee* v. *Hovey*, 5 Mass. 18, and cases there cited. Bayley on Bills, (2d Amer. ed.) 369. *Herring* v. *Sanger*, 3 Johns. Cas. 71. *Schemer horn* v. *Loines*, 7 Johns. 311. *Higgins* v. *Packard*, 2 Hall, 547.

By the law of this Commonwealth, a negotiable note is only *primâ facie* evidence of payment, which may be rebutted by other evidence. *Maneely* v. *Mc Gee*, 6 Mass. 143. *Johnson* v. *Johnson*, 11 Mass. 361. *Watkins* v. *Hill*, 8 Pick. 522. Whether a note was intended as payment, is a question for the jury. *Johnson* v. *Weed*, 9 Johns. 310. See 5 Mass. 302. 2 N. Hamp. 525. *Maze* v. *Miller*, 1 Wash. C. C. 328. *Gallagher* v. *Roberts*, 2 Wash. C. C. 191.

No extension of time has been given on the notes in suit, but only on the notes given for the wool — the principal debt. See *Hunt* v. *Nevers*, 15 Pick. 500.

*Saltonstall*, in reply, cited Theobald on Prin. & Surety, 127. 133. *Baker* v. *Briggs*, 8 Pick. 122. *Samuell* v. *Howarth*, 3 Meriv. 272.

DEWEY, J. The two notes, upon which the defendant is now sued as indorser, were originally made and indorsed for the purpose of being passed into the hands of Ralph C. Huse, as collateral security for the payment of the money due for certain wool purchased of him by James and Edmund G. Hibbert. The form of the transaction between the parties was, that the purchasers gave, in payment for the wool, four notes payable at different periods of time, James Hibbert signing the same as maker, and E. G. Hibbert as indorser ; and these notes were delivered to Ralph C. Huse, he also taking the two notes in-

dorsed by the defendant, under an agreement that he was to hold them as collateral security for payment for the wool. The four notes soon after passed into the hands of the plaintiffs, and at the same time the two notes originally made and delivered to Ralph C. Huse, as collateral security, were also transferred to the plaintiffs, for the like purpose. The only question in the case is, whether the defendant has been discharged from his liability upon the notes, given as collateral security, by the subsequent acts of the parties.

The liability of the defendant was only coextensive with the object and purpose for which it was mutually understood and agreed that he was to become surety. This purpose, the case finds, was to give collateral security for payment for the wool. The amount due for the wool was adjusted between the parties, and four negotiable notes given therefor; and while any of these notes remained unpaid, the liability of the defendant continued ; but beyond this, it was not to be extended, without his consent, and made to embrace within its scope a series of new arrangements, changing the notes, postponing the time of payment, introducing new parties, &c., unless the new arrangements were so peculiarly guarded in their form and mode, as not to operate as payment or discharge of the original notes given for the wool.

Of the four notes, two which fell due the earliest have long since been given up to the maker, having been paid wholly by the maker, except the sum of $150, which was eventually paid by the plaintiffs as second indorsers, in a new note given as a substitute, in part of one of those notes.

The two remaining notes, it appears, were discharged by the payment of $450 in money, and the giving of three new notes for the balance, the same being negotiable notes, made by James Hibbert, indorsed by E. G. Hibbert, and also indorsed by one J. E. Tibbets, and payable in sixty, ninety, and one hundred and twenty days. The two original notes last referred to were produced in court by the plaintiffs, cancelled ; the maker's name having been torn therefrom.

These transactions between the parties have, as it seems to us, discharged the defendant from his liability as surety for the

payment of the debt for the wool, under the original agreement. The giving of a negotiable note for a debt due on simple contract raises a legal presumption that the note was received in payment, and will operate as a discharge of the simple contract, unless the presumption be controlled by evidence of a contrary intent. *Thacher* v. *Dinsmore*, 5 Mass. 299. *Maneely* v. *McGee*, 6 Mass. 143. If so, it would seem very clear that the taking of new negotiable notes in a new form, payable at periods postponed beyond the time of the maturity of the previous notes, and, especially, taking them secured by the introduction of a new indorser, whose name was not on any of the original notes, accompanied with the further fact of the cancelling of the original notes, would fully authorize the presumption that the three new notes were received in payment and discharge of the balance due on the former notes, unless the presumption be rebutted by other evidence. Such being the state of the case, the legal consequence must be, that the defendant is discharged from his liability as indorser of the notes given as collateral security.

*Plaintiffs nonsuit.*