## DAVID ILSLEY vs. JOHN JEWETT

A negotiable note given by a debtor for part of a debt is payment of such part, and takes the debt out of the operation of the statute of limitations — Rev. Sts. c. 120.

Parol evidence of the conversation of the parties, at the time a note is given in part payment, is admissible to show for what debt it was given.

One of two sureties, having paid the debt, recovered judgment therefor against the principal, but obtaining no satisfaction thereof, he received of his co-surety a moiety of the sum thus paid, and afterwards assigned said judgment to a third person, who made the principal his executor, and died. *Held* that these transactions did not discharge the principal from his liability to repay the co-surety the amount of the moiety so paid by him.

The maker of a note made payable on time is not liable to an action thereon before the time has elapsed, although he, before that time, unfairly obtains possession thereof, and refuses to return it to the payee.

In an action for money paid, interest is recoverable from the time of payment, without proof of a demand of repayment.

ASSUMPSIT to recover money paid by the plaintiff for the defendant's use. Writ dated November 11th, 1839. The case was presented to the court on a statement, made by the parties, in the form of a report of the evidence, &c. at the trial before *Dewey*, J. The statement was, in substance, as follows :

On the 22d of February, 1814, the plaintiff and Moses Adams became sureties for the defendant on a promissory note for $ 300, which was paid by said Adams, at the Newburyport Bank, when it became due. Said Adams afterwards commenced an action against the defendant to recover the amount thus paid by him on said note, and also for other causes of action, and recovered judgment thereon in June, 1816. The plaintiff paid to said Adams one half of the sum which Adams paid when he took up said note at the bank. The defendant knew that Adams paid the note, and that the plaintiff paid Adams as above mentioned.

The defendant relied on the statute of limitations, as one ground of his defence ; and, on this point, the plaintiff introduced his son, David Ilsley, Jr. as a witness. He testified that he went with the plaintiff to the defendant, in the forenoon of October 4th, 1839, when and where the plaintiff asked the defendant if he could not help him (the plaintiff) concerning a note which

was paid at the Newburyport Bank; that the defendant said he had thought a good deal about it, and meant to do it; that the plaintiff told the defendant that he had been obliged to pay the money only for lending his name, and asked the defendant what he was willing to allow the plaintiff, and what he could do ; that the defendant thereupon said he would give his note to the plaintiff for $ 50, in part pay, and that he could do no better than that at present : That in the afternoon of the same day, the plaintiff urged the matter again upon the defendant, who immediately went into his shop and wrote and signed a note for $ 50, payable to the plaintiff, or bearer, in part pay, in 6 and 12 months with interest, and gave the same to the plaintiff, and asked him if it was correct, to which the plaintiff replied that it was, and handed it to the witness ; that the witness then attested the note, at the defendant's request, and delivered it to the plaintiff : That the defendant stood a few minutes, and then asked the plaintiff to hand the note to him ; that the plaintiff hesitated ; that the defendant said " I am not going to run away with the note, you shall have it again ; " whereupon the witness told the plaintiff to let the defendant take it, and the plaintiff then returned the note to the defendant, who said he was not willing to give it up unless the plaintiff would give him a receipt in full : That the plaintiff said he would not do so, but would give a receipt for the note, and no further ; and that the defendant did not give back the note.

It was in evidence that the aforesaid judgment, recovered in June, 1816, by Adams against the defendant, was assigned by deed, January 1st, 1818, for a valuable consideration, to Martna Jewett, the defendant's mother ; and that said Martha, by her last will, approved February 2d, 1819, made the defendant her sole executor, and that he took on himself and fulfilled the trust, and settled his accounts in full concerning the same.

It was urged by the defendant, that by the above judgment, assignment and will, he was discharged from any claim by the plaintiff, and that the aforesaid note, given to the plaintiff for $ 50, was without consideration and void : That if such was not the operation of the judgment, &c. yet that said note would not

revive the whole of the old demand, but only to the amount of
$ 50, according to the terms thereof; and that the conversation,
which attended the obtaining of the note, was not admissible in
evidence for the purpose of reviving the whole debt, and would
not have that effect, if rightly admitted : That if the plaintiff had
any demand on the defendant, it was only on the said note which
had not become payable when this action was commenced.

The judge overruled the above objections and points urged
by the defendant, and directed the jury that they might find a
verdict for the plaintiff for the whole sum paid by him on the
note of the defendant, Adams and himself. Said sum was com-
puted at one half of said note, viz. $ 150, and interest was added
from the time of the payment; and the jury returned a verdict
for said sum with the interest so added.

No demand of said sum was alleged in the writ, or proved at
the trial.

Liberty was reserved to the defendant to make any and all
objections that could arise on a report of the case.

*Perkins,* for the defendant. The original claim of the sure-
ties against the defendant was merged in the judgment recovered
by Adams. The assignment of that judgment gave to the as-
signee the whole right therein, and she discharged the defendant
by making him her executor. *Stevens* v. *Gaylord,* 11 Mass.
269. *Wankford* v. *Wankford,* 1 Salk. 305. Hence the $ 50
note was void for want of consideration.

But if the note was not void for this cause, yet it would not,
under *St.* 1786, *c.* 52, have revived the plaintiff's claim
against the defendant. *Bangs* v. *Hall,* 2 Pick. 368. *Bailey*
v. *Crane,* 21 Pick. 323. By Rev. Sts. *c.* 120, § 13, no
promise will take a case out of the statute of limitations, unless
it be in writing. Under *St.* Geo. IV. *c.* 14, from which said
§ 13 is transcribed, it is held that the same construction is to be
given to written promises which was formerly given to oral ones ;
that the only new provision in the statute is that which relates to
the mode of proof. *Haydon* v. *Williams,* 7 Bing. 166. *Dick-
enson* v. *Hatfield,* 5 Car. & P. 46. *Kennett* v. *Milbank,*
8 Bing. 38. The written promise, therefore, must be broad

Ilsley *v.* Jewett.

enough to cover the whole original debt, or it will avail *pro tanto* only, as an oral promise formerly did. *Edmunds* v. *Downes*, 2 Crompt. & Mees. 459. *Linley* v. *Bonsor*, 2 Scott, 402, 403. *Tanner* v. *Smart*, 6 Barn. & Cres. 603. *Routledge* v. *Ramsay*, 8 Adolph. & Ellis, 221. *Atwood* v. *Coburn*, 4 N. Hamp. 316. *Exeter Bank* v. *Sullivan*, 6 N. Hamp. 132.

Parol evidence was not rightly admitted to give a construction and effect to the note. Nor, upon that evidence, was the note so delivered by the defendant as to make it an available instrument in the plaintiff's hands.

Nor can the note be regarded as mere payment, so as to avoid the statute of limitations. If it were payment at all, it must be payment according to the terms thereof, and then the suit was premature, being commenced before any part of the note was payable. 2 Crompt. & Mees. and 4 & 6 N. Hamp. *ubi sup.* *Ayton* v. *Bolt*, 4 Bing. 105.

The plaintiff, at the most, can recover only $ 50, that being the utmost amount which the defendant promised ever to pay. An express promise excludes an implied one. 6 Barn. & Cres. 609, 610. *Whiting* v. *Sullivan*, 7 Mass. 107. *Line* v. *Stephenson*, 5 Bing. N. R. 183. If any part of the original claim, beyond the $ 50, can be recovered, interest thereon is not recoverable, as no demand was made before the note was given. *Barnard* v. *Bartholomew*, 22 Pick. 291.

*O. P. Lord*, for the plaintiff. If the note was not such a written promise, as by the Rev. Sts. *c.* 120, § 13, revived the old debt, yet as it was negotiable, it was part payment, and effectual, by § 17, to take the plaintiff's claim out of the operation of the statute. And though parol evidence may not be admissible to show the extent of a written promise, it is clearly admissible to show to what debt such promise relates.

The assignment, and the appointment of the defendant as executor of the assignee's will, did not extinguish or discharge the plaintiff's debt. The defendant knew that the plaintiff had paid to Adams half the amount of that judgment, and Adams had no power to impair the plaintiff's right to recover it back from the defendant.

The plaintiff is entitled to recover $ 150, with interest from the time when he paid it to. Adams. The defendant would have been entitled to a deduction of $ 50 from this amount, if he had not fraudulently obtained the note from the plaintiff. After he had done that, the note was due presently, and the contents thereof may be recovered in this action.

SHAW, C. J. It appears that in February, 1814, a note for $ 300 was signed by the defendant Jewett, as principal, and by Moses Adams, who is since dead, and the plaintiff Ilsley, as sureties, which note was discounted at the Newburyport Bank, and paid at maturity by Adams, the surety. Adams brought an action against Jewett, the principal, and recovered judgment for the amount of the note, in June, 1816 ; but it does not appear that he obtained satisfaction. It further appears that Adams called on the present plaintiff, as co-surety, for contribution, and that the plaintiff paid him one half of the note, in the year 1816. From this statement it is manifest that one surety having paid the whole, and received a contribution from the other surety, they paid the debt of their principal, in equal shares of one half each ; and therefore each had a right of action against the principal, as for so much money paid to his use.

One ground of defence, which it may be proper to notice here, is, that Adams assigned his judgment to Martha Jewett, the mother of the defendant; that she by her will bequeathed it to her son, the defendant, and thereupon the whole debt was merged and discharged. But it will be perceived that this assignment was made by Adams to Martha Jewett, in 1818, after he had received one half of the note from the plaintiff, his co-surety. Though he had a judgment for the whole, yet, having received one half from a co-surety, he could legally have enforced satisfaction for one half only ; as in case of several judgments against promisors and indorsers on one and the same note, the creditor can obtain but one satisfaction. The legal effect of the assignment of the judgment to Martha Jewett was, to transfer the assignor's interest, and no more, which was one half. Besides ; after the plaintiff paid one half to Adams, as co-surety, he had an immediate right of action against the principal, which Adams could not take away or impair by any act of his.

Was this right of action barred by the statute of limitations ? The lapse of time was sufficient, if not within some of the exceptions. By the Rev. Sts. *c.* 120, § 13, it is declared that in any action founded on contract, no acknowledgment or promise shall take a case out of the operation of the statute, unless made in writing and signed by the party chargeable thereby. But by § 17, it is further declared that nothing contained in the above section shall take away or lessen the effect of a payment of any principal or interest. By the law, as it stood before these enactments, part payment of a note, or other simple contract debt, was held to take the debt out of the operation of the statute. *Hunt* v. *Bridgham*, 2 Pick. 581. And therefore it continues to have the same effect still.

It has been often held in this Commonwealth, and is now considered as a settled rule of law, that giving a party's own promissory negotiable note, for a simple contract debt, is *primâ facie* evidence of payment, and will be so held, unless rebutted by clear proof that it was not so intended. *Thacher* v. *Dinsmore*, 5 Mass. 299. *Maneely* v. *Mc Gee*, 6 Mass. 143. *Wood* v. *Bodwell*, 12 Pick. 268.

Conformably to this rule, we think it clear that the giving of one's own negotiable note, for part of a simple contract debt for money paid, is a part payment of such debt. And therefore if a promissory negotiable note was given by the defendant, in part payment of that simple contract debt for money paid to the defendant's use, it did, by force of the statute, and the construction put upon the old statute, take the simple contract out of the operation of the existing statute. Being, in legal effect, not merely an acknowledgment or promise, but a payment, no writing was necessary. The effect is the same as if the amount had been paid in bank notes or coin. This is an answer to the objection, that the note ought not to operate as a promise in writing, to pay more than it promises to pay, and that to hold it to be a promise to pay the balance, would be to pervert its terms, and make it speak a language, which it does not speak. But the answer is, that it is not considered as a promise in writing to pay the whole debt; but is of itself, *de facto*, a *payment* of part,

and so, by force of the statute, the case is taken out of its operation.

It was contended that it was not competent to admit parol evidence, to show for what purpose, with what intent, and under what circumstances, the note was given. But the evidence is not to alter or vary the terms of the note, or any written contract. When an act is done, the language which accompanies it qualifies it, shows the purpose, and constitutes part of the *res gesta.* Suppose the witness, Ilsley Jr. had seen the defendant deliver to his father $ 50 ; would it not be competent to prove, by the declarations and language of the parties at the time, on what account, and for what purpose it was delivered — whether it was a loan or a payment, and if the latter, on what account ? We think it would, and that the evidence in the present case, showing on what account the note was given, was competent.

From the evidence, thus offered, it appears that the demand of the plaintiff was for the money paid by him as surety for the defendant, on a note at bank ; and no other being shown ever to have been thus paid, but the one stated, it may be inferred to be that. The defendant offered to give his note for $ 50, in part pay, and the same inference fixes it to be in part payment of that debt for money paid at the bank, as surety. Being asked to give his note for a larger amount, the defendant answered, "That is all I can do at present." Shortly after, the note was made and handed to the plaintiff.

The defendant having afterwards obtained possession of the note, under the circumstances stated in the case, a question was raised, whether the note was ever in fact made and delivered, so as to make it a contract binding on the defendant. The court are of opinion that it was. It was signed soon after the foregoing conversation, and delivered unconditionally to the plaintiff. It purported on the face of it, according to the proof of the contents by the witness, to be in part pay, at six and twelve months, with interest. The plaintiff, not the defendant, handed it to the witness, who thereupon attested it at the defendant's request. The defendant stood a few minutes, and then

asked the plaintiff to hand it to him ; he hesitated ; but Jewett told him he was not going to run away with it ; he should have it again. The plaintiff then handed it to him, and then the defendant refused to return it, unless the plaintiff would give him a receipt in full, which he declined. The court are of opinion, that this attempt, for the first time, to impose a condition, came too late. He might undoubtedly have made what terms he pleased, before he gave his note. But as it was, the delivery of the note was complete and unconditional, and took effect as a promissory note ; and this was not vacated by the delivery back of the note to the defendant, on his promise to return it again.

This promise, being a payment in part of the simple contract debt, we think took the debt out of the operation of the statute of limitations. But it also satisfied that debt *pro tanto*, and the plaintiff can recover only the balance, with interest, deducting such payment, from the time he paid Adams. *Gibbs v. Bryant*, 1 Pick. 118. He is not entitled to recover on the note, in this action, because it was not due when the action was commenced.

The verdict, which was taken by consent, is to be amended, and judgment rendered thereon for the plaintiff.