CHARLES LINCOLN, by his guardian JOHN HOGAN, *v.* WILLIAM B. FLINT.

A judgment rendered by a justice of the peace against an insane person, who had a guardian, but whose guardian is not notified of the suit, and who has no guardian appointed for him by the court, will be vacated upon *audita querela.*

AUDITA QUERELA. It was alleged in the complaint, that the plaintiff, Lincoln, was an insane person, under guardianship, and that, while he was in this condition, judgment was rendered against him by a justice of the peace, in favor of the defendant, without any notice of the suit being given to the guardian of Lincoln, and without any guardian having been appointed for him by the court,

and that Lincoln had been committed to prison by virtue of the execution which issued on the judgment, and that he was still in confinement.   To this complaint the defendant demurred.   The county court,—WILLIAMS, Ch. J., presiding,—adjudged the complaint insufficient; to which decision the plaintiff excepted.

*E. N. Briggs* for defendant.

No provision is made by statute for notice of a suit against an insane person to be given to the guardian.   In suits upon contract, where application has been made to discharge the person, on the ground of insanity, upon common bail, the court have refused to do so.   *Nutt* v. *Verney,* 4 T. R. 121.   *Kernott et al.* v. *Norman,* 2 T. R. 390.   Infants cannot be held to bail.   It is not necessary, that it should appear, that a person, who is under guardianship, defended the suit by guardian.   A person *non compos* may appear by attorney. *Faulkner* v. *McClure,* 18 Johns. 134.   *Webster* v. *Woodward,* 15 Johns. 504.   So, though such person may have a guardian appointed, he is still liable to be sued in a civil action and to be committed on execution.   *Ex parte Leighton,* 14 Mass. 207.   In *Beverly's Case* it was held, that a person *non compos* must appear by guardian, if within age, but by attorney, if of full age.   2 Saund. R. 333.   In the case of infants there is a general inability to act.   In this case a special regulation is made by statute; and a distinction is made in the early cases between infants and other persons under guardianship.   In a case like this we claim, that the appropriate and *only* remedy is by writ of error.   *Chase* v. *Scott,* 14 Vt. 78.   It has been decided in *Judd* v. *Downing et al.,* Brayt. 27, that *audita querela* would lie to set aside a judgment rendered by a justice of the peace against an infant; but this case cannot be considered as an authority.

*C. L. Williams* for plaintiff.

1.   A writ of *audita querela* will lie to set aside a judgment of a justice against an infant, who had no guardian notified, nor appointed by the court.   *Judd* v. *Downing et al.,* Brayt 27.   *Bailey* v. *Hall,* Franklin Co., Jan. 1839.   *Chase* v. *Scott,* 14 Vt. 79.   The insane person labors under the same disabilities, and has the same need of a guardian, with the infant; and they are treated alike

in the statutes of this state.  Rev. St. c. 65, §§ 4, 5, 8, 16, 30.
*Thompson* v. *Leach*, 3 Mod. 310.  *Seaver* v. *Phelps*, 11 Pick. 306.
Fleta, lib. 1, c. 11, no. 10, cited in 3 Mod. 310.

2.  Aside from this similarity, we contend, as *res integra*, that
the guardian of an insane person ought to be notified of a suit
against his ward, or a guardian be appointed to defend for him.
The interest and safety of the ward require it; the only difference
between his case and that of an infant being, that the incompetency
in the infant is often fictitious, but is always real in the insane per-
son.   Their incompetency is plainly set forth by WILLIAMS, Ch. J.,
in *Hunt* v. *Lee et al.*, 10 Vt. 304.   The rights and liabilities and
duties of the guardian entitle him to receive notice.   The statute
evidently contemplates, that the guardian should be notified and
attend, or a guardian be appointed by the court.   Rev. St. c. 65, §
30 ; c. 40, § 11 ; c. 63, § 29 ; c. 53, § 12.   And see *Collard* v.
*Crane*, Brayt. 18 ; *Mansfield* v. *Mansfield*, 13 Mass. 412 ; *Mason* v.
*Mason*, 19 Pick. 506 ; *Mitchell* v. *Kingsman*, 5 Pick. 431.   Wher-
ever the relation of guardian and ward was known, the guardian
might defend for the ward ; and in the extension of the relation the
rights and remedies are necessarily extended ; what in England was
the right of the infant is here equally the right of the insane ward ;
the rights of the guardians known to the English law are the rights
of the guardians known to our law.   COLLAMER, J., in *Field et ux.*
v. *Torrey*, 7 Vt. 388.

3.  If the guardian should be notified, the proper and only rem-
edy, in a case like this, is by *audita querela*.   A writ of error will
not lie ; for the judgment complained of was rendered by a justice
of the peace.   Rev. St. c. 26, § 68.   The same reasons apply, as
in the case of an infant, that is, the want of a more appropriate
remedy.   And this is one of those cases, in which relief has always
been granted, in this State, by *audita querela*, the judgment having
been rendered, without the party having his day in court.   *Suttons*
v. *Tyrrell*, 10 Vt. 89.   *Marvin* v. *Wilkins*, 1 Aik. 107.   *Dodge* v.
*Hubbell*, 1 Vt. 491.

The opinion of the court was delivered by

BENNETT, J.   No man should be bound by a judgment rendered
against him ; when he has had no day in court; and if a judgment

be so rendered, the *audita querela* is an appropriate remedy to set it aside. In accordance with this principle it has long been held in this state, that a minor, who has had a judgment rendered against him by a justice of the peace, without a guardian being notified of the suit, may be relieved upon *audita querela.* Though this may not be exactly in conformity to the common law, yet, as under our law it would be difficult to devise a remedy in such case, if the one by *audita querela* was denied, we are not dissatisfied with the views of our courts, in considering such a case as one in which the *minor* has had no day in court. If the judgment could have been set aside upon a writ of *certiorari,* or reversed upon a writ of error, doubtless a different course of decisions would have obtained. We are now called upon to extend the same principle to the case before us.

The situation of *infants* and persons of insane mind is parallel in law, and in the reason of things, in many respects. The contracts of either are not binding, and for the same reason; and both may alike avoid them by plea. Neither has sufficient discretion to manage the ordinary business transactions of life, and much less to conduct a suit at law. The various provisions of our statutes require notice to be given, in proceedings affecting the interests of insane persons, to their guardians, as in the case of minors. I see no reason, which can be urged, why a judgment before a justice of the peace should in any case be set aside upon an *audita querela,* which may not with equal force apply to the present case. Indeed, it may be pre-eminently said of an *insane* person, that he has had no day in court.

The judgment of the county court must be reversed, and the judgment of the justice and the execution, which issued thereon, be set aside.

The plaintiff being satisfied with nominal damages, judgment was entered up in this court for one cent damages and costs.

WILLIAMS, Ch. J., dissenting. The argument has not convinced me, that a writ of *audita querela* will lie to vacate the judgment rendered by the justice of the peace. Idiots and lunatics are liable to be sued; and the statute has made no provision for notifying the guardians, if any are appointed. The person suing them is under

no obligation to inquire, whether any guardian has been duly appointed. It is the duty of the court, before whom they are compelled to appear, to see that they are properly defended. The declaration does not disclose, whether the defendant appeared in person, or by attorney, or whether he was defaulted. If he appeared in person, it was the duty of the court to see that he was properly defended; and if, through their fault, he was not, the judgment is not to be vacated, and the party subjected to the payment of damages and costs, for the fault of the court. If the judgment was rendered by default, there is another remedy provided by statute.

That an idiot, or lunatic, is liable to be arrested, as in ordinary cases, even though the insanity may have been established by commission, has been determined. The cases of *Nutt* v. *Verney*, 4 T. R. 121, and *Kernott* v. *Norman*, 2 T. R. 390, decided, that the court will not discharge a defendant out of custody on the ground of insanity, either before or after the arrest; and in the case of *Steele* v. *Alan*, a commission of lunacy had issued against the defendant, previous to the arrest. The course in England is for the defendant to appear in person, and then any one praying to be admitted as his next friend may sue or defend for him. The committee, either of his person, or estate, are not to be notified, or appear and defend for him. In the case of *Gibbard* v. *Roe*, 3 Man. & Grang. 87, service of a declaration in ejectment upon a lunatic in an asylum was held to be sufficient. I am not aware of any authority, either in this country, or Great Britain, which declares a judgment rendered against a person insane, or *non compos*, void; but ample provision is made by the common law to protect their rights, and that they should be suitably defended.

As the complainant was liable to be sued, as it does not appear but that he appeared in person to answer to the suit, I can perceive no good reason for setting aside the judgment of the justice. If he appeared, we are not to presume, or believe, that the justice court omitted their duty, by rendering a judgment against him without his having an opportunity to defend.

It is urged, that this court have sustained writs of *audita querela*, to set aside judgments rendered against infant defendants. The authority of those cases is not to be extended, and may be questioned. If it were a new question, and there were no decided cases in this

state, I apprehend a writ of *audita querela* would not now be sustained. The cases, however, are widely different. An infant must appear by *prochien ami,* or by guardian, and this must appear on the record; an idiot must appear in person. The complaint, in the case before us, does not set forth that the complainant appeared by attorney, or that he was not personally present before the court. Even in the case of an infant it is not necessary to notify a guardian at the time of the arrest, but the court may appoint a guardian *ad litem.* It was never required, that they should appoint a guardian *ad litem* to an idiot, or lunatic; though they may permit any one to defend for him,—who is usually an attorney. 1 Tidd's Pract. 62, 63.

It appears to me farther, that the case of *Ex parte Leighton,* 14 Mass. 207, is directly in point against sustaining this writ; for the discharge of Leighton was claimed on the ground that judgment was rendered against him after the appointment of a guardian. The court, after looking into the case of *Thacher et al.* v. *Dinsmore,* 5 Mass. 299, in which there was an *obiter dictum,* that an insane person shall be defended by guardian, refused to discharge the prisoner,—obviously on the ground that no notice to the guardian was required; and there is no intimation, that the court, before whom an insane person is sued, are obliged to appoint a guardian *ad litem,* —which is neither required at common law, nor by the provisions of any statute.

I think that the complaint is insufficient, and that the defendant is entitled to judgment.