## Case No. 3,825.

### DESSAU v. BOURS et al.

[1 McAll. 20.][1]

Circuit Court, California.[2] July Term, 1855.

PAROL EVIDENCE—PARTIES TO NEGOTIABLE PAPER.

1. Parol testimony is inadmissible to charge a party on negotiable paper, where neither his name, nor any other circumstance, appears on its face to connect him with it.

2. The rule applicable in cases of sales, as to undisclosed principals, does not apply to this case.

3. Where there is sufficient on the face of negotiable paper to create a doubt to whom credit was given, parol evidence is admissible to remove that doubt.

An action was brought, by payee v. drawer, on following draft: "Banking House, T. Robinson, Bours & Co., Stockton, January 22d, 1855. At sight pay to the order of A. Dessau, for value received, twelve hundred dollars. T. Robinson, Bours & Co., Agents. To William Hagan & Co., New York." An answer to the complaint was filed, which sets forth specially certain facts by way of defense, which will be found in the opinion of the court. To that answer a demurrer was filed by the plaintiff.

Sloan & Love, for plaintiff.
D. W. Perley, for defendants.

McALLISTER, District Judge. On the face of this instrument, there can be no doubt of the responsibility of defendants. No mention is made of any principal; nor is any fact patent on the face of the paper which discloses the existence of any persons save the drawers who are to be charged. Thus viewed, by the well-settled rule of law, the word "Agents" appended to the drawers' names is to be regarded merely as descriptio personarum, and the instrument fixes upon the signers an unqualified responsibility. The defense to the action rests upon an answer which avers that the bill was drawn by defendants as agents of

certain persons named Burgoyne & Co.; that at the time it was drawn, such fact was communicated to the plaintiff, and he was informed, that the defendants were in no way liable for the due acceptance or payment of the bill; that, after being so informed, the plaintiff took the bill, and then and there agreed with defendants, that in case of non-acceptance or non-payment of same, defendants were not to be liable; but that he (the plaintiff) would look solely to the said Burgoyne & Co. for indemnity. To the answer, a demurrer has been filed by the plaintiff, and the question raised by the pleading is, whether parol testimony is admissible to discharge a party from the liability fixed upon him by law, by the terms of the bill under consideration. The names of Burgoyne & Co. do not appear on the bill, and if made liable, they are to be made so under the authority of that class of cases, relied on in this case, which authorizes the admission of parol testimony to fix the liability of an unknown principal. The rule which admits such testimony to charge an unknown principal, while it rejects such when its object is to discharge the signer of a written contract, is advanced by Mr. Smith, in his Leading Cases, and has been subsequently adopted in Westminster Hall. But the cases collated by that writer, and those which in England and this country affirm the principle, will be found to be cases of sales. The court considers none of these strictly applicable to the case at bar. There is a distinction between the admission of parol testimony to charge an unknown principal in a transaction of sale, and to fix the liability of a party upon a bill on which his name does not even inferentially appear. In a recent case in England, Lord Abinger, Ch. B., and Parke, Gurney, and Rolfe, BB., decided that a partner might be held upon a written contract signed by his co-partners, but on which his name did not appear; considering the case one of agency. While they state that all written contracts not under seal stand upon the same footing as contracts not written, they expressly admit, that in the case of a bill of exchange, or promissory note, none but the parties named in the instrument can be sued upon it. Beckham v. Drake, 9 Mees. & W. 79, 92; 1 Pars. Cont. 48, note a. In accordance with this doctrine is the case of Pentz v. Stanton, 10 Wend. 271, relied on by counsel for the demurrer. The force of this authority is assailed upon the ground, that in the marginal note of the reporter, as well as in the argument of counsel, it appears in that case, no disclosure of the name of the principal was made. Such is the fact; but it is equally true, that the court did not place its decision upon that ground; but on the broad principles of commercial law. It says, "The plaintiff cannot on the bill of exchange recover against the present defendant. His name

---

[1] [Reported by Cutler McAllister, Esq.]
[2] [District not given.]

nowhere appears upon it. It was drawn and subscribed by West, in his own name, with the simple addition of 'Agent;' but without any specification whatever of the name of the principal." Again, "It is not sufficient to charge the principal, or protect the agent from personal liability, merely to describe himself as agent, if the language of the instrument imports a personal contract upon his part." It is urged that if Burgoyne & Co. are not liable, that fact fixes the liability of defendants. It does not follow from the circumstance that the former are not responsible on paper on which their names do not appear, that the liability of defendants must on that account be conclusively fixed. Their responsibility depends upon the admissibility of certain evidence, which question is raised by the demurrer in this case; and if it be overruled, then upon the clear and satisfactory character of the evidence the defendants may give of the facts pleaded depends their liability. To sustain it, the counsel for the plaintiff has cited several cases from Massachusetts. In the first of these, the party signed the note sued on as "guardian of an insane person;" and in the second, as "guardian of an infant." In both, the principals disclosed were incapable of contracting, and the inference therefore was, that the only party who could contract was the one intended to be charged, and the addition to his signature was regarded merely as a designatio personae, or intended to serve him in making up his accounts. The third case, was one where a party sued on a note made payable to him as agent; and it was held, he might sue in his own name. 5 Mass. 299; 6 Mass. 58; 8 Mass. 103. Neither of these cases touches the point whether the parol testimony offered in this case can be received. The true rule deducible from the recent cases is, that where there is sufficient on the face of the instrument to create a doubt to whom the credit was given, then, as between the original parties, parol evidence is admissible to remove that doubt. In the application of this rule, the embarrassing question may arise, whether the form of an instrument in a given case is such as will admit parol evidence to remove the doubt suggested by its terms. In the case of Mechanics' Bank of Alexandria v. Bank of Columbia, 5 Wheat. [18 U. S.] 326, the check sued on was signed by William Patton, individually. The question was, is this a private check, or drawn as cashier? The court say (page 335), "Had the draft signed by Patton borne no marks of an official character on the face of it, the case would have presented more difficulty." They then advert to the fact that the check, which was in the usual form, had prefixed to it the words "Mechanics' Bank of Alexandria," as sufficient to authorize the admission of parol testimony, to show the true nature of the transaction. It is to be observed, that such testimony was admitted to charge a party whose name did not appear upon the check. A further step in the relaxation of the rule was taken in the case of Susquehanna Bridge Co. v. Evans [Case No. 13,635], where testimony was admitted in an action between indorser and indorsee, to establish a parol agreement between the parties entered into at the time of indorsement. The point under consideration came before the supreme court of New York in Mott v. Hicks, 1 Cow. 513. A note was given in the name of the president and directors of the Woodstock Company, signed by W. Hicks, president, and made payable to Isaac Horsfield, who indorsed as agent. On trial of an action on the note, the endorser, Horsfield, was offered as a witness and objected to. The question of his liability, as endorser, came up directly. It was held, first, that the maker of the note was not individually liable there being sufficient on the face of the instrument to indicate the principal; second, that parol evidence was admissible to discharge the endorser, inasmuch as he had endorsed as "agent," which, it was considered, had opened the door to the admissibility of testimony. But the question has been met more directly in the case of Hicks v. Hinde, 9 Barb. 528. The action was upon a draft, signed by John Hinde, "Agent," and the court, after adverting to the case of Pentz v. Stanton, 10 Wend. 271, and other cases, decided that the drawing of the draft was restrictive, and that the word "Agent," annexed to the signature of the maker was equivalent to a declaration that he would not be held responsible personally on the draft. In such case, parol evidence was admissible. These two last cases have been cited approvingly in New York, in Babcock v. Beman, 1 Ker. [11 N. Y.] 200, and may be taken as the law of the most commercial state in the Union. The rule is not only adopted, but carried to a greater extent in Pennsylvania. In Miles v. O'Hara, 1 Serg. & R. 32, the drawer of a bill of exchange was permitted to rebut the presumption of liability arising out of his unqualified and unrestricted signature; by introducing parol testimony to establish his agency, and the knowledge of it by the opposite party. A decision to the same effect will be found in Hill v. Ely, 5 Serg. & R. 363. But this court cannot go to the extent to which the courts of Pennsylvania have gone in the admission of parol testimony, to discharge parties who have put their signatures to commercial paper without any restriction. Those courts have done so by reason of their peculiar structure. Mr. Justice Duncan, in the last-cited case, predicates the right to receive parol testimony in such cases on the ground that the courts of law of Pennsylvania will administer any relief which could be obtained in a court of equity, there being no court of chancery in that state. But as

the case at bar comes within the decisions of the courts of law in New York, heretofore cited, and no case has yet been brought to the attention of this court, in which an adverse ruling directly on the point has been made, this court is arrived at the conclusion, that under the circumstances of this case the parol testimony is admissible. The demurrer must, therefore, be overruled.