JAMES COOMBS, GUARDIAN, &c., ADS. JOHN W. JANVIER ET AL.

1. A suit will not lie against the statutory guardian of a common drunkard, on a note made by such drunkard prior to the appointment of such guardian.

2. The suit in such case must be against the drunkard himself.

In case. On rule to show cause, &c.

On the trial of the issue in this case in the Circuit Court of the county of Salem, the jury rendered a verdict for the plaintiff. A rule to show cause why the verdict should not be set aside was allowed, and the case was then certified to this court for its advisory opinion.

The material question involved was, whether a guardian, appointed under the act relative to habitual drunkards, can be sued for the debts of the drunkard.

In this case the debt, of which payment was claimed, was made before any proceedings had been instituted for the appointment of a guardian, and the suit was brought against the defendant in his official capacity.

For the plaintiffs, *C. H. Sinnickson.*

For defendant, *S. A. Allen.*

THE CHIEF JUSTICE. This suit is founded upon a promissory note made by one John Dubois, a common drunkard, and is brought against the defendant as his guardian, duly appointed by the Orphans Court in conformity to the directions of the statute relative to habitual drunkards. The note was made before any proceeding, had been taken to obtain the appointment of a guardian, and the suit was against the defendant in his official capacity.

The case made by the plaintiffs on the trial consisted of the proof of the following facts: the making of the note by Dubois, the assignment of such note by the payee to the intestate, whom the plaintiffs represented, the appointment of the defendant as guardian, and the circumstance that certain moneys and choses in action had come into the hands of the defendant, in his representative character. A verdict was taken for the plaintiffs, and a rule to show cause why a new trial should not be granted having been allowed, the case was *certified* to this court for its advisory opinion on the point, whether

by force of the facts proved by the plaintiffs, the action was sustained.

The simple inquiry is, can the guardian be sued for the debts of the drunkard ?

It is certain that the statute does not, in terms, authorize a suit of this kind, and I cannot perceive that it is warranted by any implication emanating from its provisions, or necessary, or even convenient, to the effectuation of its policy. It seems also to be inconsistent with all legal analogy. Nor is any reason shown or suggested why this anomaly should be countenanced. It is indeed said in the brief of counsel, that the practice would be a simple one and would avoid circuity. The same argument would apply, with equal aptness, in vindication of every action against a guardian or trustee for a debt of the ward or *cestui que trust*. It was also suggested that the relationship between these parties, resembled that of administrator and decedent. But there is not a word in the act which would justify the conclusion, that the drunkard was to be regarded as *civiliter mortuus*.

There is no obscurity in the intent of the legislature. It was, evidently, to put some discreet person in the control of the person and estate of the incompetent inebriate. It expressly vests in trust the whole property, real and personal, in the guardian during the continuance of his office, and declares that he shall be possessed of all the powers and subjected to all the responsibilities of a guardian of a lunatic. But it has never been supposed, that such a guardianship absolutely absorbed the personality of the ward. On the contrary, the guardian has ever been regarded merely as an agent or bailiff, having no interest, and consequently he cannot sue in his own name on contracts made with his ward. 1 *Chit. Pl.* 20 ; *Thorn* v. *Coward*, 2 *Sid.* 124; *Cocks* v. *Darson*, *Hob.* 215; *Granby* v. *Amherst*, 7 *Mass.* 1; *Mason* v. *Felton*, 13 *Pick.* 206.

The statute places the drunkard, with regard to his relation to his guardian, very much on the same footing with the lunatic, and the legal status of the latter is well defined.

Coombs, Guardian, &c., ads. Janvier et al.

Lunatics can sue and be sued and the suits must be prosecuted and defended in their own names. *Co. Lit.* 135, *b*; *Bac. Ab. Idiots and Lunatics; Knife* v. *Palmer*, 2 *Wil.* 130; *Thatcher* v. *Dinsmore*, 5 *Mass.* 299; *Ex parte Leighton*, 14 *Mass.* 207. And if of age they may appear by attorney. *Faulkner* v. *McClure*, 18 *Johns.* 134; 1 *Chit. P.* 583; 1 *Tidd* 93, *note b*.

In the case of *Clarke* v. *Dunham*, 4 *Denio* 262, it was said that it was not irregular at law, to sue and recover a judgment against one who has been found by inquisition to be a lunatic or habitual drunkard. And it may be added that the liability of a lunatic to suit is recognized in the twelfth section of the act concerning lunatics, which provides for his exemption from imprisonment for want of bail or on execution.

It is not to be doubted, therefore, that the deduction from legal analogies and theoretical principles, is, that while the drunkard retains his suability on contracts entered into before proceedings initiated to have him declared incompetent no right of action will accrue from the same source against his guardian. It is the duty of the court to apply the ancient principles of the law to new cases. We cannot innovate where the practice, in analogous cases, is established. To do so in the present case would be attended with much inconvenience. A new system of pleading and procedure would have to be devised and applied. What pleas could be put in; what the form and extent of the judgment; what the effect of such judgment after the discontinuance of the guardianship; all these and many other points would call upon the courts for adjustment. It is also obvious that in most cases, the accounts between the guardian and the drunkard would, of necessity, be required to be overhauled on the trial before the jury— a circumstance attended with such multiform inconveniences as to condemn the whole system.

In my opinion the established precedents cannot be departed from, and that, if the power existed, public policy would prevent the court from adopting the practice which

would be introduced by giving countenance to the present suit.

I think the verdict should be set aside and a new trial granted.

Verdict set aside.

CITED in *Van Horn* v. *Hann*, 10 *Vroom* 212.