## AMARIAH A. TAFT *vs.* JOSEPH BOYD.

There is no conclusive presumption that a note and mortgage taken for the amount found
due upon a computation of the amounts of former notes secured by mortgages, as well as
of mutual claims unsecured by mortgage, were accepted in payment and discharge of
such former notes and mortgages; but if there is any evidence tending to show that they
were so accepted, the question should be submitted to the jury.

TORT for the conversion of a yoke of oxen. The writ was
dated April 16th 1863. The defendant denied the plaintiff's
title, and also the conversion by himself.

At the trial in the superior court, before *Lord*, J., the plaintiff,
in proof of his title to the oxen, put in evidence a mortgage of
personal property, dated August 1st 1859, from Parin G. Ballou
to him, duly recorded, to secure the payment of $250 in three
months from the date thereof; also a second mortgage from
Ballou to him, dated September 30th 1859, duly recorded, to
secure the payment of $400 in six months from the date thereof,
and interest, which last-named mortgage included, in the prop-
erty conveyed, the yoke of oxen in controversy; also a third
mortgage from Ballou to him, dated December 26th 1861, duly
recorded, to secure the payment of $240, payable the 1st of
April 1862; also the three notes respectively given with the
aforesaid mortgages, of the same tenor and corresponding dates.
All these mortgages and notes have been in the possession of
the plaintiff since they were originally delivered to him, and
there has been no discharge or release of any of the mortgages,
or surrender of any of the notes, unless the same may be inferred
from the transactions between the parties.

There was evidence tending to show that the first mortgage
was given for a loan of money; that between its date and the
date of the second mortgage, Ballou, being in the possession of
the property, had, without the plaintiff's knowledge or consent,
sold a part of it; that the second mortgage included property
named in the first mortgage, and other property; that the second
mortgage included the sum due on the first mortgage, and money
to the amount of $75, then agreed to be advanced to Ballou, or

Taft *v.* Boyd.

paid for him, and in fact soon afterwards advanced or paid; that when the third mortgage was given, a general computation took place between the plaintiff and Ballou, in which the amount due on the former mortgages was taken into account, as well as mutual claims unsecured by mortgage; that on such computation Ballou was found to owe the plaintiff the sum of $240; that at that time a part of the property in the second mortgage had been disposed of by Ballou without the plaintiff's knowledge or consent, as claimed by him, including said yoke of oxen; that the third mortgage was given to secure the payment of the sum so found to be due to the plaintiff, and the note given therefor, covering in part new property; and at the time of the delivery of said note and mortgage by Ballou to the plaintiff, the plaintiff told Ballou that when the $240 was paid all the mortgages should be discharged, and nothing else whatever was said by either of the parties with reference to the note and mortgage, or in reference to the contract of settlement; and that the plaintiff, at the time of taking the third mortgage, was aware that the oxen had been sold by said Ballou.

Evidence was also offered tending to show that the plaintiff was deprived of nearly all the property in the third mortgage by Ballou's assignee in insolvency, he having gone into insolvency within six months of its date. The $240 has been partly paid by the disposal of property in the second mortgage by the plaintiff, and one hundred dollars thereof remains unpaid, and the oxen are of the value of $95.

Upon these facts, the judge ruled that the action could not be sustained, and directed a verdict for the defendant, which was accordingly rendered. The plaintiff alleged exceptions.

*W. F. Slocum & H. B. Staples,* for the plaintiff.

*H. Williams,* for the defendant. The second mortgage for $400 covered the oxen. The third mortgage was given to secure the payment of a note found due upon a general computation of all claims, secured and unsecured, the oxen having meanwhile been sold, as the plaintiff knew when he took the mortgage. Under these circumstances, the last note operated as a payment and discharge of all prior indebtedness embraced

therein. This result should not be affected by the statement of the plaintiff that all the mortgages should be discharged upon payment of the $240. The intention of the parties to treat the last note and mortgage as payment is shown by the facts stated in the bill of exceptions, and payment would revest the property in the mortgagor.

CHAPMAN, J. It has been held in Massachusetts from a period earlier than the Revolution that the law will presume the giving of a negotiable note for a simple contract debt to be a payment of the debt. But the presumption has always been held to be disputable and not conclusive. The doctrine has been illustrated by a considerable number of cases to which it has been applied. *Thacher* v. *Dinsmore*, 5 Mass. 299. *Maneely* v. *M'Gee*, 6 Mass. 143. *Davis* v. *Maynard*, 9 Mass. 242. *Whitcomb* v. *Williams*, 4 Pick. 228. *Watkins* v. *Hill*, 8 Pick. 522. *Pomroy* v. *Rice*, 16 Pick. 22. *Fowler* v. *Bush*, 21 Pick. 230. *Butts* v. *Dean*, 2 Met. 76. *Grimes* v. *Kimball*, 3 Allen, 518. *Bryant* v. *Pollard*, 10 Allen, 81. *Tucker* v. *Drake*, 11 Allen, 145. From these and other cases it appears that the presumption relates to the intention of the parties, and that a variety of facts have been held sufficient to rebut the presumption. In several of them it is held that where the debt is a note secured by mortgage, the renewal of the note is not to be presumed a payment, so as to discharge the mortgage.

In the present case, the plaintiff had a note secured by a mortgage, and, upon a settlement, he took a new note secured by a new mortgage. The new note was for a less sum than the old one, but included the balance due upon the old one. But it also appeared that there was a surety upon the old note ; and that the old note and mortgage were preserved by the plaintiff with the expressed intention to discharge them when the debt should be paid ; and there were also other facts tending to rebut the presumption that the plaintiff intended to receive the new note as a payment of the old one, and to show that his prior note and mortgage remained in force, and the new note and mortgage were intended to be merely a settlement of the balance and an additional security. Such being the state of the case, the

court are of opinion that it should have been left to the jury to weigh the conflicting presumptions, and decide what the parties in fact intended, and that it was erroneous to direct a verdict for the defendant.                                   *Exceptions sustained.*