| 71  | 643 |
|-----|-----|
| 124 | 207 |
| 124 | 208 |
| 124 | 216 |
| 125 | 476 |

| 71   | 643  |
|------|------|
| 108a | 1220 |

CHRISTOPHER E. YATES

*v.*

JAMES VALENTINE.

1. PAYMENT—*by giving a new note to a subsequent holder.* Whether one note given in lieu of another is a payment of the first, is a question of fact to be determined by the jury. If the subsequent note was executed and accepted by the respective parties for that purpose, the satisfaction of the first note is complete.

2. Where a note was indorsed by the payee in blank, and placed in the hands of another person, and the maker had no knowledge of any

agreement between the payee of the note and the person in whose hands it was, as to his holding it only as collateral security, the maker was justified in considering the holder as the lawful owner of the note, and in treating with him for its payment.

3.  In such case, where the maker gave to the holder of such note, new notes for the amount of the principal and interest of the first note, and the holder surrendered the first note to the maker, this showed decisively that it was intended by the parties that the first note was satisfied, and should be canceled.

4.  The payee, by placing the note in the hands of another, with the full evidence of his right to collect it, must have his recourse, in such case, against the person whom he thus trusted, and not against the maker of the note, who acted in good faith.

WRIT OF ERROR to the Circuit Court of Hancock county; the Hon. JOSEPH SIBLEY, Judge, presiding.

Messrs. MANIER, PETERSON & MILLER, for the plaintiff in error.

Mr. JOHN H. WILLIAMS, for the defendant in error.

Mr. JUSTICE SCHOLFIELD delivered the opinion of the Court:

When a subsequent promissory note is given for the same consideration as a former one, it is a question of fact for the determination of the jury, whether the former note is thereby satisfied.   If the subsequent note was executed and accepted by the respective parties for that purpose, the satisfaction is complete.   *Hart* v. *Boller,* 15 Serg't & Rawle, 162; *Brewer* v. *The Branch Bank,* 24 Alabama, 440; *Thatcher* v. *Dinsmore,* 5 Mass. 299; *French* v. *Price,* 24 id. 13; *Hutchins* v. *Olcott,* 4 Vt. 549; *Homes* v. *Smith,* 16 Maine, 177.   This is in harmony with the previous rulings of this court upon the question.   *Ralston et al.* v. *Wood,* 15 Ill. 168; *Miller* v. *Lumsden,* 16 id. 162; *Strong et al.* v. *King,* 35 id. 19; *White* v. *Jones et al.* 38 id. 159; *Hough* v. *Ætna Life Ins. Co.* 57 id. 318.

Applying the principle to the facts in the case before us,

we can not see how the court below could reasonably have rendered a different judgment from what it did.

The note given by the defendant to the plaintiff was indorsed by the plaintiff in blank, and placed in the hands of Ablowitch. This invested Ablowitch with the apparent ownership and legal title. The defendant had no notice that there was a secret agreement between the plaintiff and Ablowitch, by which Ablowitch, in fact, only held the note as collateral security ; nor of the subsequent settlement between them, whereby the plaintiff became entitled to repossess himself of the note. Under these circumstances, the defendant is justified in having considered Ablowitch as the lawful owner of the note, and in treating with him for its payment. When Ablowitch accepted the defendant's notes, payable to himself, for the principal and interest due on this note, he surrendered it to the defendant. We can conceive of no act showing more decisively that it was intended by the parties that the note was satisfied, and should be canceled. It was intended that the defendant should thereafter be bound by the terms of the notes then given, and the old note was given him that it might cease to exist as an evidence of indebtedness against him.

When the note was thus satisfied, the defendant was under no obligation to again assume a liability on account of it, to the plaintiff. The plaintiff, by placing Ablowitch in the possession of the note, with full evidence of his legal right to collect it, and permitting him to retain this possession, occasioned the misfortune from which he now suffers. His recourse is against Ablowitch, whom he thus trusted, and not against the defendant, who acted in good faith, and without notice of the plaintiff's rights.

The judgment is affirmed.

*Judgment affirmed.*