DUDLEY FOGG *versus* URIAH H. VIRGIN & *als.*

Where the makers of a note describe themselves in the body thereof as trustees of a voluntary association, but affix their own names, those words are to be considered as merely descriptive; and they are personally responsible.

If the makers of the note are likewise members of the voluntary and unincorporated association, they are liable as such members; and if they would take advantage of the non-joinder of their associates, it should be by plea in abatement.

THIS is an action of assumpsit upon a note of the following tenor:—

"For value received, we, the trustees of the Wayne Scythe Company, promise to pay Asa Gile, or his order, one hundred and seventy-three dollars $\frac{87}{100}$, to be paid in one year from date and interest. URIAH H. VIRGIN,
COMFORT C. SMITH,
EZRA FISK."

The defendants pleaded, jointly, that they never promised. The parties thereupon agree to the following statement of facts, viz. — That the defendants signed the note declared upon; that Gile duly indorsed it to the plaintiff; that in the spring of 1838, the defendants, with several other persons, associated themselves together, under the style of the Wayne Scythe Company, for the purpose of carrying on the business

of manufacturing scythes; that that was not an incorporated company; that said associates, at their first organization, chose the defendants "trustees" of said company, in which capacity they acted for one year; that said note was given by them during said year; that the original capital stock of said association was $4000; that the defendants were owners of a part of said stock, having paid in their respective proportions thereof; that they continued members and part owners as aforesaid, until after this note was given; and that the association were in the habit of recognizing and paying notes, given by the defendants, in the form of this note. Upon the foregoing facts, the case is submitted to the Court for its decision.

*Emmons*, for the defendants. This is not the note of the defendants, but of the Wayne Scythe Company. The Company have recognized similar notes. If the note had been given without authority the agent would be bound; as when the principal is not bound the agent must be. But here the principal by repeated recognitions of similar acts of agency, must be considered as bound. From the face of the note it appears that the defendants acted in a representative capacity and that they did not intend to bind themselves. The principal should always be bound by the acts of the agent and the agent be personally exonerated from liability, if it can be done in accordance with the rules of law. Story on Agency, 143; *Long* v. *Colman*, 11 Mass. R. 97; *Ballou* v. *Talbott*, 16 Mass. R. 461; *Danforth* v. *Schoharie Turnpike Comp.* 12 Johns. 227; *Mott* v. *Hicks*, 1 Cow. 513; *Dutchess Cotton Man. Comp.* v. *Davis*, 14 Johns. 238; *Rathbon* v. *Budlong*, 15 Johns. 1.

*Howe*, for the plaintiff. If the defendants are agents they are bound to express that fact clearly. Bailey on Bills, 48; Chitty on Bills, 27. The defendants have not done that. *Mayo* v. *Pierce*, 11 Mass. R. 54. The Wayne Scythe Comp. are not bound; there is no promise in their behalf. *Stackpole* v. *Arnold*, 11 Mass. R. 27; *Goupy* v. *Hardin*, 7 Taunt. 159; *LeFevre* v. *Lloyd*, 5 Taunt. 749; *Rheinhold* v. *Dutzell*, 1

Yates 39; *Thatcher* v. *Dinsmore*, 5 Mass. R. 299; *Foster* v. *Fuller*, 6 Mass. R. 58; *Ring* v. *Thom*, 1 T. R. 487; *Eaton* v. *Bell*, 5 B. & A. 34; *Burrill* v. *Jones & al.* 3 B. & A. 47; *Appleton* v. *Binks*, 5 East, 148; *Hills* v. *Bannister*, 8 Cow. 31; *Taft* v. *Brewster*, 9 Johns. 334.

The defendants are members of the Company — are parties to the note — are parties to this suit — and if not the only parties, they should have pleaded that fact in abatement.

The opinion of the Court was delivered by

WESTON C. J. — The defendants sign as individuals, affixing to their names nothing, indicating a representative capacity. They describe themselves, in the body of the instrument, as trustees of the Wayne Scythe Company; but they do not profess to promise in their behalf. It is a mere description of themselves, of which many examples may be found, where the persons, signing or executing instruments, have been held personally bound. *Thatcher & al.* v. *Dinsmore*, 5 Mass. R. 299; *Foster* v. *Fuller*, 6 do. 58; *Taft* v. *Brewster & als.* 9 Johns. 334; *Stone* v. *Wood*, 7 Cow. 453; *Hills* v. *Bannister & al.* 8 Cow. 31; *Burrill* v. *Jones & al.* 3 B. & A. 47; *Eaton* v. *Bell*, 5 do. 34.

In the cases cited for the defendants, it is manifest, that the actual signers of the instruments, adduced in evidence, were acting in behalf of others, whom they intended to bind, without assuming any personal responsibility. The distinction is well illustrated in the case of *Barker* v. the *Mechanic Ins. Co.* The defendants were attempted to be charged on a note, in these words, " I John Franklin, President of the Mechanic Fire Insurance Company, promise to pay to the order, &c. for value received. John Franklin." He was held personally bound, and not the company. And it was further held, that the legal effect would have been the same, if the same description of himself had been added to his signature. The Court say, " he describes himself as president of the company, but to conclude the company by his acts, he should have contracted in their name, or at least in their behalf."

But if the company are bound here, and such was the intention of the contract, the plaintiff is entitled to judgment. The company are not incorporated, and have therefore no corporate name, by which they can sue and be sued. They are a voluntary association of individuals. The case finds, that the defendants were members of the company, at the time the note was made. If other members should have been sued, they should have disclosed their names, and taken advantage of the objection, by a plea in abatement. *Trustees of ministerial and school fund in Dutton* v. *Kendrick*, 3 Fairf. 381.

*Judgment for the plaintiff.*