Johnson v. Gaines.

---

## JOHNSON v. GAINES.

1. Although the writ, and declaration, may describe the defendant as an executor, yet if the declaration shows that the action cannot be maintained against him in his representative capacity, it will be considered as a description merely of the person, and a judgment will be rendered against him in his individual character.

Error to the County Court of Mobile.

ASSUMPSIT by the plaintiff, against the defendant in error. The writ issued against the defendant in error and Abner S. Lipscomb, executors of Catharine V. George, deceased, which was returned executed on Gaines, and not found as to Lipscomb. The declaration alledges that Abner S. Lipscomb, at the time the writ issued, and ever since, has not resided within the State of Alabama, but is without the jurisdiction of the Court, and has no

property or estate within the State of Alabama, and discontinues the action as to him.

The indebtedness is charged to be for work and labor, &c. done, performed, and bestowed, in and about the business of the said defendant, as executor aforesaid, and at his special instance and request; also for money paid, laid out and expended, and money had and received to, and for the use of the plaintiff; and also upon an account stated. And being so indebted, he the said defendant, in consideration thereof, &c.

To this declaration the defendant demurred, and the Court sustained the demurrer, and rendered judgment for the defendant.

SEWALL, for plaintiff in error, contended, that the only proper judgment that could be rendered upon the declaration, was, a judgment *de bonis propriis;* that the allegation that he was an executor, was a mere description of the person. He cited 4th Ala. 271; 1 H. B. 108; 7 Taunton, 586; 4 Term, 347.

As to the right to proceed against one executor, when the other leaves the State, he cited 5 Mass. 195; 9 Conn. 437; 8 Porter, 584; 2 Ala. 126.

J. HALL, contra, contended, that at all events, there was a misjoinder of counts, which was fatal on demurrer. [2 Porter, 33; Minor, 276; 1 Chitty's Pl. 208; 6 Ala. 544.]

ORMOND, J.—It is probable this action was commenced, upon the mistaken supposition, that the estate was responsible for debts created by the executor, and that it was the intention to sue the executor as such. Be this as it may, it is very clear the declaration shows, that no action can be maintained against the defendant in his representative character, as the debt was created by him, since his qualification as executor, and although the work may have been done, or the money advanced for the benefit of the estate, he represents, it as a charge against him individually. This being ascertained, the naming him as executor in the writ, and declaration, as it neither adds to, or diminishes his individual responsibility, is matter of form and not substance, as by reference to the claim asserted against him, it is evident he is not sued as executor, though described as such. This is

then merely *descriptio personae*, which, according to all the authorities, does not vitiate.

The demurrer to the declaration was improperly sustained, and the judgment must be reversed, and the cause remanded.