## CONNER *v.* CLARK.

Where a party signs a promissory note with the addition to his name of the word "trustee," he is personally liable ; nor can evidence be admitted to show that at the time of the execution of the note there was a parol agreement that he should not be personally liable, but the note was to be paid out of a trust fund.

The rule is, that the written contract is considered the definitive agreement of the parties, and parol conversations and understandings are all merged in it.

Nor will it do to say that such evidence is admissible, as showing a want of consideration, for it does not tend to prove that there was no such consideration as is acknowledged by the terms of the note, but that there was no such contract as that alleged.

APPEAL from the Sixth District, County of Sacramento.

This was an action brought upon a promissory note in the words following :

Conner *v.* Clark.

"$700.                             SACRAMENTO, Dec. 26th, 1856.
" On or before the first day of November, 1857, next ensuing, I promise to pay to the order of Henry Conner, seven hundred dollars, for value received.

"ROBERT C. CLARK, TRUSTEE."

On the trial, defendant offered to show that the agreement at the time he made it was, that he was not to be personally liable, but that the payment was to be made out of a trust fund, of which he was trustee.    This evidence was rejected by the Court as inadmissible, and judgment rendered for the plaintiff; from which defendant appealed to this Court.

*Winans & Hyer* for Appellant.

1st. The Court erred in refusing to permit defendant to prove by parol testimony at the trial, that at the time of the execution of the lease in evidence, and the note sued on, it was expressly agreed between plaintiff and defendant that he (plaintiff) would look alone to the proceeds of the trust property for payment of said note, and not to defendant individually, and that defendant did not and would not become individually bound for the payment of said note.

2d. The Court erred in refusing to permit defendant to prove by parol all the facts set forth in his answer.

*John Heard* for Respondent.

The respondent insists that the note is the note of Clark alone ; no one being named as the maker except himself.    See Story on Prom. Notes, secs. 63, 64, 65 and 68 ; Story on Agency, secs. 147, 156, 275 and 278.

The note being the note of Clark alone, parol evidence to contradict it would be directly opposed to the Statute of Frauds, and to the adjudication of the whole world.

The case of Sayre *v.* Nicholls is not an authority for the appellant. In that case the name of the principal appeared on the face of the bill, and the amount of the bill, when paid, was to be charged to the office

11

of the principal named in the bill; and Nicholls signed as agent. See that case, 7 Cal. Reports, page 535.

BALDWIN, J., delivered the opinion of the Court—TERRY, C. J., concurring.

The defendant made his promissory note, signing it " R. C. Clark, Trustee." On the trial he offered to show that the agreement at the time he made it was, that he was not to be personally liable, but that the payment was to be made out of a trust fund, of which he was trustee. This evidence was rejected by the Court as inadmissible, and the defendant appeals.

It will be perceived, that the tendency of the proffered testimony was, in effect, to deny to the note the obligation it imported. The evidence proposed alters so far the contract as it appears, as to show that instead of Clark's being bound to pay at all events, or individually, he was only to pay out of a particular fund, and, of course, not to pay it at all if the fund failed. If the word trustee had not been affixed to the signature of Clark, it is clear that no such proof could be made, for it would clearly contradict the writing. It is argued, however, that the addition of this term is sufficient to vary the rule.

Story on Promissory Notes, sec. 63, says : " As to trustees, guardians, executors and administrators, and other persons, acting *en autre droit*, they are by law generally held personally liable on promissory notes, because they have no authority to bind, *ex directo*, the persons for whom, or for whose benefit, or for whose estate they act ; and hence, to give any validity to the note, they must be deemed personally bound as makers. It is true that they may exempt themselves from personal responsibility, by using clear and explicit words to show that intention ; but, in the absence of such words, the law will hold them bound. Thus, if an executor or administrator should make or indorse a note in his own name, adding thereto the words ' as executor,' or ' as administrator,' he would be personally responsible thereon. If he means to limit his responsibility, he should confine his stipulation to pay out of the estate." Story on Agency, p. 176, asserts the same doctrine.

The question here is not, as the counsel for the appellant has ingen-

iously suggested, whether a principal can be bound on an unsealed contract, where the writing intimates and notifies, by general words, the fact of agency, and parol evidence explanatory of the fact intimated is given.   But here there is no doubt that the person signing as trustee was bound ; but he wishes to prove that he was to be bound only in a certain way, that is, to pay out of a particular fund.   It is not pretended that any one else was bound by this contract.   No authority is shown in Clark to bind the beneficiaries in this trust by this note.   In form and legal effect the note binds him to pay this amount ; but he wishes to add to this note another term, namely, that he was only to pay it out of a certain fund ; and this, he wishes to prove, was a contemporaneous parol agreement.   But the rule is, that the written contract is considered the definitive agreement of the parties, and parol conversations and understandings are all merged in it.   It is the only authentic evidence of the understanding of the parties.

Nor will it do to say that the evidence is admissible, as showing a want of consideration for the note.   It does not tend to prove that there was no such consideration as is acknowledged by the terms of the note, but that there was no such contract as that alleged.

It is, at last, the common case of an attempt to contradict the terms of a written contract by parol.

Judgment affirmed.