A. W. Bingham

*vs.*

Walter Stewart, et al.

$69. Nine months after date, for value received, we, the Trustees of School District No. 20, County of Olmsted, promise to pay A. W. Bingham, or bearer, the sum of sixty-nine dollars with interest, at the rate of ten per cent. per annum from date.

Dated, &c.

$$ \left. \begin{array}{l} \text{WALTER STEWART,} \\ \text{ROBERT ROBERTSON,} \\ \text{JOHN DAVISON,} \end{array} \right\} \text{Trustees.} $$

*Held :*—That the makers of the foregoing note are *prima facie* personally liable.

In this action an appeal to this Court is taken by the plaintiff from a judgment of the District Court of Olmsted county. The case is fully stated in the opinion of the Court.

Stearns & Start for Appellant.

Jones & Butler for Respondents.

*By the Court*—Berry, J.—This action was originally commenced before a Justice of the Peace. The return of the Justice shows that the " plaintiff declared orally upon a promissory note, and delivered the same to the Court, and stated there was due him the sum of $79.77 thereon, which he claimed to recover of defendants."

The note is as follows :

"$69.      Nine months after date, for value received, we, the Trustees of School District No. 20, County of Olmsted, promise to pay A. W. Bingham, or bearer, the sum of sixty-nine dollars, with interest at the rate of ten per cent. per annum from date.

St. Charles, Minn., April 1, 1865.

WALTER STEWART, ⎫
ROBERT ROBERTSON, ⎬ Trustees."
JOHN DAVISON.   ⎭

5 cent stamp, canceled.

"Defendants answered orally, denying the allegations made in plaintiff's complaint."

The note was received in evidence, and thereupon plaintiff rested.

The "defendants' attorney moved for a judgment of dismissal, on the ground that there was no evidence to sustain the complaint, or to authorize a judgment against the defendants." The motion was overruled, exception taken, and judgment rendered in favor of plaintiff, and against defendants, for amount claimed and costs.

The defendants took an appeal to the District Court, "upon questions of both law and fact." Upon the trial before the District Court, the plaintiff produced the note, and the signatures thereto being admitted to be the genuine signatures of the defendants, offered it in evidence.

The note was "objected to by the defendants as immaterial and irrelevant, for the reason that said note appeared upon its face to be the note of the Trustees of School District No. 20, County of Olmsted, as such Trustees, and not the note of such defendants, as individuals." The objection was sustained, the note excluded, and exception taken.

The plaintiff offering no further evidence, the action was dismissed upon defendants' motion, and the plaintiff excepted.

The authorities generally agree that one who signs a writing, affixing to his signature, or to the pronoun by which he designates himself in the body of the contract, the word agent, trustee, president, cashier, &c., is to be regarded as merely describing himself, and hence is held to be, *prima facie,* personally liable, if the writing contain apt words to charge him. *Bank of Genessee vs. Patchin Bank,* 19 *N. Y.,* 315-320; 1 *Am. L. Cases,* 628-633; *Brockway vs. Allen,* 17 *Wend.,* 40.

Then the production of the note in this instance, the genuineness of the signatures being admitted, made out a *prima facie* case against the defendants, as individuals. If they claimed to be exonerated from personal liability, upon the ground that they were Trustees of the School District, and executed the note as such Trustees, in a case in which they might properly so do, or on the ground that acting as public officers they did not render themselves individually responsible, under the doctrine of *Sanborn vs. Neal,* 5 *Minn.,* 139, the burden was upon them to make out their defense. *White vs. Skinner,* 13 *Johns.,* 311.

We are therefore of opinion that the Court below erred in excluding the note offered in evidence.

The judgment is reversed.