[No. 6079.]

CHAMBERLAIN v. PACIFIC WOOL-GROWING CO.

PROMISSORY NOTE—DESCRIPTIO PERSONÆ.—A note signed "D. P. S., President of the Pacific Wool-Growing Co.," is the note of S., and not of the company; and the words following the signature are mere *descriptio personæ*.

TRUSTEE—AGENT—CORPORATION.—A resolution of the board of trustees of a corporation, carried by the casting vote of the president, ratifying an unauthorized act of the president, in a matter in which he was personally interested, is void.

APPEAL from a judgment for the plaintiff, and from an order denying a new trial, in the Twelfth District Court, City and County of San Francisco. DAINGERFIELD, J.:

The note referred to in the opinion runs as follows: "Ninety days after date, without grace, I promise to pay," etc., and is signed as stated in the opinion. The other facts are stated in the opinion.

*J. C. Bates*, for Appellant.

The first count is fatally defective upon its face, and the demurrer should have been sustained. (*Fiske* v. *Eldridge*, 12 Gray, 474; *Bradlee* v. *Boston Glass Co.* 16 Pick. 350; *Slawson* v. *Loring*, 5 Allen, 343; *Haverhill M. T. I. Co.* v. *Newhall*, 1 Id., 130; *Seaver* v. *Coburn*, 10 Cush. 324; *Hills* v. *Bannister*, 8 Cowen, 33; *Moss* v. *Livingston*, 4 Coms. (N. Y.) 210; *De Witt* v. *Walton*, 5 Seld. 571; *Hall* v. *Auburn T. Co.* 27 Cal. 256; *Carpenter* v. *Biggs*, 46 Id. 94.)

The transaction was void as made by Sackett, acting as agent for both parties. (Civ. Code, §§ 2306, 2322; Story on Agency, §§ 210, 211; Story Eq. Jur. §§ 310, 315, 316; *Claflin* v. *F. L. C. Bank*, 25 N. Y. 294; *N. Y. C. Ins. Co.* v. *N. P. Ins. Co.* 14 N. Y. 85; *Copeland* v. *Mer. Ins. Co.* 6 Pick. 198; *San Diego* v. *S. D. & L. A. R. R. Co.* 44 Cal. 112–117.)

The subsequent attempted ratification was void, the resolution being carried by the casting vote of Sackett. (Story on Agency, 251; *Butts* v. *Wood*, 37 N. Y. 318; *Wash. Bank* v. *Lewis*, 22 Pick. 31; Ang. & A. Corp. § 304–305.)

*Sawyer & Bell*, for Respondent.

Department No. 2, MYRICK, J.:

This is an action upon a promissory note, dated July 29th, 1875, for $850, and interest at one per cent. per month. The note is signed, " D. P. Sackett, President Pacific Wool-Growing Company," and is, in terms, made payable to the order of plaintiff. The complaint alleges that the note was executed for money loaned by plaintiff to defendant through its then president, D. P. Sackett; that the money was used by Sackett for the use and benefit of defendant; and that, after the loan and use of the money, defendant assumed the loan, and ratified and confirmed the action of the president in making the loan and giving the note. Another count is added for $850 lent and advanced to defendant. The jury rendered a verdict for plaintiff for $850, and interest at one per cent. per month, total $1,046.40.

Defendant moved for a new trial, which was denied, and defendant appealed.

From the bill of exceptions contained in the transcript, it appears: From January 1st, 1875, to October 14th, 1875, Sackett was the president of defendant, and during that time, and until commencing this suit, he was the agent of plaintiff, who has been, ever since January, 1875, traveling in Europe. Sackett, as the agent of plaintiff, claimed to have made the loan of $850 to defendant by himself, as its president, without consulitng with any of the directors or trustees of the corporation, or with plaintiff, and he (Sackett) executed the note in suit. He kept the note in his possession until this suit was commenced, when he placed it in the hands of an attorney for collection. There had been no action of the corporation fixing any compensation of Sackett as its president, but he applied $507 of the $850 towards payment for his services. There were five trustees of the defendant, of whom Sackett was one. At a meeting of the trustees held September 25th, 1875, the five were present; and "it was moved and seconded that the action of the president be ratified in making the loan of $850 to Mrs. M. Z. Chamberlain." The record continues: "Carried. Ayes—McChesney, Hawlsey; noes—Durkin and Hallinan; Mr. President (Sackett) gives the casting vote."

Sackett testified that he had been the agent of plaintiff to loan money for several years, and had loaned at least $20,000 for her without special instructions, and this loan was made in the usual way. He says that $507 of the $850 was used to pay his salary as president, at the rate of $125 per month; that the balance was used to pay bills of the corporation: $1,059 is charged for his salary from January 1st, 1875, to October 14th, 1875, when he "sold out to Mrs. Hawes and resigned." Taking the testimony together, it appears that the whole $850 was taken by Sackett on account of his salary.

No further action was had by the defendant until January 4th, 1876. Defendant offered to prove by the record, that at a meeting of the then trustees, held January 4th, 1876, the Board of Trustees read and reconsidered the proceedings of the meeting of September 25th, 1875, and that so much of the proceedings

whereby the loan of $850 by D. P. Sackett, acting as president, was approved, was vacated and set aside; that the trustees were imposed upon by said Sackett in charging $125 per month as salary as president, and it was carried unanimously (three new trustees being in) that the pretended loan of $850 was made for his individual use and benefit, and not for the benefit of the company, and, therefore, the company would not pay it. Plaintiff objected to the evidence; the objection was sustained, and defendant excepted.

So much as to facts. The law applicable thereto is briefly stated. (Civ. Code, § 2,230): "Neither a trustee nor any of his agents may take part in any transaction concerning the trust in which he, or any one for whom he acts as agent, has an interest, present or contingent, adverse to that of his beneficiary, except as follows." This case is not within the exceptions.

The note declared on was not the note of defendant. It was the note of Sackett. The words "Prest. Pacific Wool-Growing Co." following the signature "D. P. Sackett," are descriptive of the person merely. (*Conner* v. *Clark*, 12 Cal. 168; *Hall Auburn T. Co.* 27 Id. 256.) The loan was not ratified by the corporation. Two of the trustees voted "aye," and two voted "no." Sackett gave the casting vote, "aye." Sackett's vote was a nullity. He was personally and directly interested. He endeavored by his vote to change the liability (if there was any) of the company to himself for his unliquidated demand, to a liability to the plaintiff for money loaned. In other words, he, as agent of plaintiff, advanced money to himself to pay a claim which he made against defendant, and which his own vote, as trustee of defendant, was used to endeavor to adjust.

If he failed to properly account to plaintiff for the $850, he would be liable to her for it; he endeavored to relieve himself of that liability to plaintiff by voting that defendant owed him, and that the money had been properly used to pay that debt.

Defendant was entitled to have the evidence relating to the meeting of January 4th, 1876, go to the jury; not for the purpose of showing that the proper action of one board may be annulled by a succeeding board, but for the purpose of showing that the corporation did not, by silence, give consent, and that

its voice, when first heard, was used to repudiate the transaction.

Judgment and order reversed, and cause remanded for a new trial.

THORNTON, P. J., and SHARPSTEIN, J., concurred.