# Taylor, Guardian *ad litem*, v. McCall, Adm'r.

## *Final Settlement of Decedent's Estate in Equity.*

1. *Estate of decedent; when released from claim.*—Where an attorney, employed by an administrator to represent him on final settlement of his administration, gave to his client a receipt acknowledging payment of his fee for services rendered, although in fact the fee was not paid; and on such receipt as a voucher the administrator was allowed a credit on his settlement for the amount thereof, it must be conclusively presumed that the attorney thereby consented to look to the administrator alone for payment, and to discharge the estate and trust fund from all claim he ever had therefor.

2. *Settlement of administrator's accounts; what not a proper credit.* In such case, the attorney can not, by the voluntary, unsolicited act of the administrator *de bonis non*, obtain payment of his claim out of a balance which the estate owes to the administrator in chief, as ascertained by decree on his final settlement; and if the administrator *de bonis non* pay the claim, he can not be allowed credit therefor on the settlement of his administration.

APPEAL from Choctaw Chancery Court.

Heard before Hon. A. W. DILLARD.

Appeal by George W. Taylor, guardian *ad litem* of R. P. Roach, a minor, from a decree rendered by said Court of Chancery on the final settlement of E. McCall's administration upon the estate of Rozena Roach, deceased.

The opinion states the facts.

GEO. W. TAYLOR, for appellant.    (No brief came to the hands of the reporter.)

WATTS & SONS, with whom were SPROTT & ALTMAN, *contra.* (1) It is shown that the services rendered by the attorneys were properly rendered to the administrator in chief, and the fee therefor had never in fact been paid by him.    This fee was rightly paid by the administrator *de bonis non*, and he was properly allowed a credit therefor.—*Hearrin v. Savage, Adm'r*, 16 Ala. 286.    (2) It appears clearly by the settlement made in 1874 by Roach, administrator, that the estate was indebted to him $340, allowing the credit for the attorneys' fees; and if he

had been allowed no credit therefor, the estate would have been indebted to him $190. No injustice was done to the estate by the allowance of the fee.

STONE, J.—Only a part of the record of the chancery proceedings, had in this cause, has been brought before us, because only a single question is raised for our decision. Mrs. Rozena Roach had died, intestate we suppose, leaving some estate, and John D. Roach, her husband, became administrator in chief of her estate. He ceased to be administrator, and Ed. McCall was appointed administrator *de bonis non.* Roach made final settlement of his administration in the probate court, was debited with $1,289.25, and credited with $1,630.01; thus showing a balance of credits in his favor of $340.76. The record does not inform us what decree was rendered on this settlement, or whether any decree was rendered for such ascertained balance, in his favor, or against any one. All parties appear to have acquiesced in that settlement. One item of credit allowed to Roach was for services rendered by attorneys, in that settlement, $150. If this credit had not been allowed him, his balance of credits would have been about $190. In that settlement, Roach filed, as a voucher, the receipt of the attorneys, acknowledging the payment to them of said fee of $150. On this voucher he obtained the credit. The present record informs us that no part of this ascertained balance of $340.76 has been paid to the administrator in chief.

Ed. McCall, the administrator *de bonis non*, made his settlement in the Chancery Court. In his account current he claimed a credit of $150, paid said attorneys, for the the identical services they had rendered Roach in his final settlement, and for which he obtained a credit as above shown. This was objected to by the distributees. The attorneys testified, and doubtless correctly, that although they gave Roach a receipt for said $150, as paid, he in fact paid them nothing, and was insolvent. The chancellor allowed this credit, and this ruling is assigned as error—the only error complained of.

Our rulings have been very uniform that services rendered to a trustee on his retainer, or by his procurement, are only a personal charge against the trustee, and confer no right to proceed against the trust fund in his hands. Paying such charges, if reasonable, just and proper, the trustee will be entitled to a credit in his settlement.—*Johnson v. Gaines*, 8 Ala. 791; *Savage v. Benham*, 11 Ala. 49; *Jones v. Dawson*, 19 Ala. 672; *Mulhall v. Williams*, 32 Ala. 489; *Pollard v. Cleaveland*, 43 Ala. 102; *Steele v. Steele*, 64 Ala. 438; *Dickinson v. Conniff*, 65 Ala. 581; *Kirkman v. Benham*, 28 Ala. 501. In *Haerrin v. Savage*, 16 Ala. 286, an administrator *de bonis non* was allowed a

credit for reasonable fees of attorneys, who were retained *bona fide* by a former personal representative, to protect the interests of the estate. Of course, to justify such payment, it must be shown that the former administrator is not in arrears to the trust; for in no other case could the trust fund be so used. *Steele v. Steele*, 64 Ala. 438. In *Henderson v. Simmons*, 33 Ala. 291, it was ruled that the receipt of a creditor, acknowledging payment of a claim which was a proper charge against the estate, was a good voucher for the administrator in his settlement, although he had not in fact made payment. This was so ruled, because it was shown that, although the receipt was given, the matter was left open for adjustment on settlement of their private accounts. Now, this ruling can be vindicated only on one ground, namely: That by giving the receipt under the circumstances, the creditors discharged the estate, and agreed to look to and trust the personal credit of the administrator. See also *Harlin v. Bell*, 54 Ala. 389.

We are aware that in this case the record shows that the estate was indebted to the former administrator in a sum greater than the attorneys' fees, claimed to have been paid by the administrator *de bonis non*, amount to. It thus appears that the estate owes Roach, the first administrator, more than he owed the attorneys, and hence, the argument is made that the estate is nothing loser by the transaction. We think, however, another principle must control our ruling. When the attorneys gave Roach, the administrator in chief, a receipt acknowledging payment of their claim, they furnished him a voucher upon which he could obtain, and did obtain a credit in his settlement. This was a consent on their part to look to the administrator alone for payment, and to discharge the estate and trust fund from all claim they ever had therefor. We think, on the grounds of public policy, this presumption must be treated as conclusive, and not open to be rebutted by extrinsic proof. Such collateral investigation would frequently lead to delay, expense, and embarrassing complication, and we are not willing to enter upon an untried experiment, the first result of which would be the allowance to each of two successive administrators, a credit for one and the same disbursement. Many inconveniences, if not losses, might result from it, one of which would be the probable taxation of double commissions for one act of administration. If the attorneys have a claim against Roach, the first administrator, they must proceed against him personally. They can not, by the voluntary, unsolicited act of the administrator *de bonis non*, obtain payment out of the alleged balance the estate owes Roach. That is not the process by which one indebted can be made to pay the debt of his creditor.

VOL. LXXI.

For the error in allowing the administrator *de bonis non* credit for the attorneys' fees, discussed above, the decree of the chancellor is reversed and the cause remanded.