# PROVIDENCE COUNTY.

———◆———

Roger Williams National Bank *vs.* The Groton Manufacturing Co. *et als.*

A testator gave his estate to trustees, subject to certain charges and annuities, to hold for specified purposes, among which was the indorsement of notes to be issued by certain named corporations. All of this was well known to the payees when the notes were issued. The notes were indorsed "F. M. S., C. M. S., Trustees Estate of A. D. S."
*Held*, that F. M. S. and C. M. S. were personally liable on the indorsements.

Assumpsit. On demurrers to the pleas.

*March* 16, 1889. Matteson, J. This is an action of *assumpsit* on eight promissory notes, all of which are of the tenor following, except that they bear different dates :

"$3,000.            PROVIDENCE, R. I., September 10, 1883.

" Four months after date we promise to pay to the order of Amos D. Smith & Co., Three Thousand and $\frac{}{100}$ Dollars at Roger Williams National Bank.   Value received.

"GROTON MANUFACTURING CO.,
C. M. and W. S. SMITH, *Agents*.

" No.      Due January 10, 1883.
" Indorsed, AMOS D. SMITH & CO.
      " FRANCIS M. SMITH,        ) Trustees Estate of
      " CHARLES MORRIS SMITH, ) AMOS D. SMITH."

The action is brought under the statute against both the maker and indorsers of the notes.   The defendants, Francis M. Smith and Charles Morris Smith, have filed two pleas to each of which the plaintiff has demurred.   The first of these pleas is, in substance, that the said Francis M. Smith and Charles Morris Smith are trustees under the will of Amos D. Smith, deceased, a copy of the will being annexed to and made a part of the plea, and that in the performance of their duty and trust under the will they indorsed negotiable paper for the said Groton Manufacturing Company and other corporations, to an amount many times the *ad damnum* in the writ, which is now overdue and outstanding ; that a certain annuity and payments in the will specified are a first charge on the trust estate, which is insufficient to pay all the claims now outstanding, and believed by trustees to be valid claims ; that the payment of all claims against the trust estate, thus made by the will a charge, must be made by the trustees by marshalling and distributing the estate in their hands after the death of the annuitant, in accordance with the rules and principles of a court in equity ; that there is such a court, organized and sitting in the county of Providence, with full equity powers and jurisdiction, and that said " trustees are suable and impleadable in such court of equity and not at law."   The plea concludes with a verification and prayer for judgment whether this court will, as against them as trustees, and against the trust estate held by them, take cognizance of such action.

The second plea is filed as an equitable plea under the statute, and is identical with the first to the verification, and then avers

knowledge by the plaintiff, at the issue of said notes, of the provisions of the will, and of the acceptance by the defendant trustees of the trusts thereof, and prays judgment whether this court of law will, as against them as trustees, take cognizance of this action ; whether the plaintiff should not seek its remedy, if any it has, on the chancery side of this court; whether judgment at law should or can issue against these trustees; whether, if any judgment issue, it should not be a conditional judgment on which execution should be stayed to await the decree of a court of equity.

The question raised by the demurrers is, briefly stated, whether this action at law can be maintained against the defendants, Francis M. Smith and Charles Morris Smith, they having indorsed the notes in the performance of their duty and trust, and the plaintiff at the issuing of the notes having knowledge of the provisions of the will and of their acceptance of the trusts; or whether resort must be had to proceedings in equity to subject the trust estate to the payment of the notes.   We apprehend that the answer depends upon the question whether the contract of indorsement upon the notes in suit is to be regarded as the contract of the defendants, Francis M. Smith and Charles Morris Smith individually.   If so, the action is maintainable.   We think it is to be so regarded.   The cases are not altogether uniform and consistent, but the rule sustained by the great preponderance of authority is, that if a trustee, guardian, executor, or administrator signs a contract, and merely appends to his signature the title designating his representative capacity, without restricting by the use of apt words his liability to his representative capacity, he is liable on the contract individually.   In Story on Promissory Notes, § 63, the rule is stated as follows : " As to trustees, guardians, executors, and administrators, and other persons acting *en autre droit*, they are by law generally held personally liable on promissory notes, because they have no authority to bind, *ex directo*, the persons for whom or for whose benefit or for whose estate they act, and hence, to give any validity to the note, they must be deemed personally bound as makers.   It is true they may exempt themselves from personal responsibility by using clear and explicit words to show that intention ; but in the absence of such words the law will hold them bound.   Thus, if an

executor or administrator should make or indorse a note in his own name, adding thereto the words, ' as executor,' or ' as administrator,' he would be personally responsible thereon.   If he means to limit the responsibility, he should confine his stipulation to pay out of the estate.".   The doctrine is also very clearly stated in *Taylor* v. *Davis*, 110 U. S. 330, 335, thus: " When a trustee contracts as such, unless he is bound, no one is bound, for he has no principal.   The trust estate cannot promise ; the contract is, therefore, the personal undertaking of the trustee.   As a trustee holds the estate, although only with the power and for the purpose of managing it, he is personally bound by the contracts he makes as trustee, even when designating himself as such.   The mere use by the promisor of the name of trustee, or any other name of office or employment, will not discharge him. . . . If a trustee contracting for the benefit of a trust estate wants to protect himself from individual liability on the contract, he must stipulate that he is not to be personally liable, but that the other party is to look solely to the trust estate."   See, also, *Fogg* v. *Virgin*, 19 Me. 352 ; *Blackstone National Bank* v. *Lane*, Supreme Judicial Court of Maine, February 1, 1888 ; 13 Atlantic Reporter, 683 ; *Conner* v. *Clark*, 12 Cal. 168 ; *Taft* v. *Brewster*, 9 Johns. Rep. 334 ; *Hills* v. *Banister & Butler*, 8 Cow. 31 ; *New* v. *Nicoll*, 73 N. Y. 127 ; *Thacher* v. *Dinsmore*, 5 Mass. 299 ; *Forster* v. *Fuller*, 6 Mass. 58 ; *Fiske* v. *Eldridge*, 12 Gray, 474 ; *Packard* v. *Nye, Executor*, 2 Metc. 47 ; *Bloom* v. *Wolf*, 50 Iowa, 286 ; *Hayes* v. *Crutcher*, 54 Ind. 260 ; *Hayes et al.* v. *Matthews*, 63 Ind. 412 ; *Bingham* v. *Stewart*, 13 Minn. 106 ; *Wren* v. *Hoffman*, 41 Miss. 616 ; *Aven* v. *Beckom*, 11 Ga. 1 ; *Johnson* v. *Gaines*, 8 Ala. 791.

The counsel for the defendant trustees concedes that a note made by a trustee binds him individually, but contends that the doctrine rests upon the principle that a trustee has no power to contract debts and so evidence them, and hence that a note signed A. B., executor, or guardian, or trustee, becomes in a court of law simply the obligation of A. B., so far as the plaintiff is concerned ; and he argues that the doctrine is not applicable to the case at bar, because the indorsement of notes like those in suit is by the will put into the power of the trustees and made a part of their duty, so that, the reason ceasing, the rule itself ceases.   Al-

though it has sometimes been stated as a reason why the trustee is held personally liable upon his contracts as trustee, is because he has no power to bind the trust estate, he being likened to an agent who has exceeded his authority, we think the true reason why he is held personally liable upon such contracts is, that he has no principal, or, rather, he is the principal himself. The contract is, therefore, necessarily his and his alone. But, however this may be, we do not think that the fact that the defendant trustees were empowered by the will, and it was made their duty, to indorse the notes in suit, is sufficient to relieve them from personal liability upon their indorsements, they not having stipulated that they were not to be so liable. In *Lucas* v. *Williams*, 3 Giff. 150, a promissory note given to a creditor by one of the executors, in the name of the testators' firm, while the executor was carrying on the business pursuant to directions in the will, but was ignorant that the estate was insolvent, was held to be personally binding on the executors. So, also, in *Laible* v. *Ferry*, 32 N. J. Eq. 791, executors empowered by will to carry on the business of the testator after his decease were held personally liable for the debts contracted in so doing. And see, also, *Wild* v. *Davenport*, 48 N. J. Law, 129 ; *New* v. *Nicoll*, 73 N. Y. 127 ; *Ex parte Garland*, 10 Ves. Jun. 110 ; *Owen* v. *Delamere*, L. R. 15 Eq. 134 ; *Labouchère* v. *Tupper*, 11 Moore P. C. 198 ; *In re Johnson*, L. R. 15 Ch. Div. 548.

The counsel for the defendant trustees suggests further, that to hold these trustees liable personally is to punish them for the faithful performance, within the limits of their powers, of the trusts imposed on them well known to the plaintiff. The situation of the trustees, if the trust estate be insufficient to indemnify them fully for the debts which they have contracted, is indeed hard, but it is one in which they have voluntarily placed themselves, and though we may sympathize with them, we cannot on that account relax the rules of law in their behalf.

The first and second pleas, being those filed by said trustees, are overruled, and the demurrers thereto are sustained.

*Demurrers sustained.*

*John T. Blodgett*, for plaintiff.
*Arnold Green*, for defendants.