[Civ. No. 2908. Second Appellate District, Division One.—December 28, 1931.]

E. M. KOENIG, Appellant, v. W. STEINBACH et al., Defendants; EDWIN LARSON, Respondent.

D. Chase Rich for Appellant.

Crail, Shutt, Penprase & Miller for Respondent.

CONREY, P. J.—On the sixteenth day of December, 1927, the defendant Steinbach was indebted to the plaintiff on a promissory note, and plaintiff held as security therefor an assignment by Steinbach of a property interest described as a "unit" interest in certain oil-wells in the state of Texas. By reason of pending litigation in courts of the state of Texas, wherein Steinbach and numerous other owners of unit interest in said oil-wells were defendants, it was found to be desirable that the owners should transfer their units to some person to hold the same as trustee for the owners. Defendant Larson was selected to act as such trustee, and assignments of those units were made to him as trustee. With respect to the Steinbach unit it was necessary that Koenig, by reason of his interest, join in the assignment. When Koenig was asked to do this he insisted upon a renewal note, and that Larson should guarantee payment of the new note, which is the note sued on in this action. Larson refused to become personally responsible, but was willing to indorse the note as trustee, with the understanding that thereby he would be under obligation to apply toward the satisfaction of the note any money which he might receive on account of the Steinbach unit.

We have stated the foregoing facts as constituting in substance the defense made to this action, wherein the plaintiff seeks to recover personal judgment against both Steinbach and Larson, without regard to the fact that Larson has not received any proceeds of the Steinbach property so held in trust. Judgment by default was entered

against Steinbach. Judgment was also entered in favor of the defendant Larson, and it is from this part of the judgment that the plaintiff appeals.

The note on the face thereof was signed by Steinbach, and an agreement of guaranty of payment thereof was placed on back of the note and signed by Larson "as trustee". The principal ground of appeal is that the court erred in over-ruling plaintiff's objections to the testimony presented by respondent Larson showing the actual facts of the transaction, which were in substance as hereinabove stated. It is claimed by appellant that the contract of guaranty was on its face a positive personal agreement of Larson, which agreement appellant contends contained no ambiguity which would authorize the introduction of oral testimony to contradict or vary the terms of the writing. In support of his contention appellant relies upon decisions of the Supreme Court as found in *Conner* v. *Clark*, 12 Cal. 168 [73 Am. Dec. 529], and *Hall* v. *Jameson*, 151 Cal. 606 [121 Am. St. Rep. 137, 12 L. R. A. (N. S.) 1190, 91 Pac. 518]. In the Conner case there was a note signed, "R. C. Clark, Trustee", and it was held that Clark was not entitled to introduce parol evidence to show that he was to be bound only to pay out of a partic-ular fund. The court called attention to the fact that no authority was shown in Clark to bind the beneficiaries of the trust by the said note, and that the note must bind the maker, or would in effect be no note at all. In *Hall* v. *Jameson, supra,* the note was signed "William H. Jameson, Trustee". At the time of signing, Jameson held in trust for stated purposes certain real property, the beneficiary being one Joy, who was not a party to the action. Under a power given in the trust, Jameson borrowed of plaintiff's assignor a sum of money for which he executed a note, together with a mortgage on the trust property, which was located in Massachusetts, where both note and mortgage were executed. It was held that with respect to the note Jameson was acting solely in his own behalf, for the reason that he had no authority to make the contract except for himself.

We think that neither of the foregoing authorities is applicable to the case at bar. Not only did Larson sign the guaranty contract "as trustee", but the beneficiaries of the trust, instead of being third parties for whom the trustee

would not be authorized to act, were the other two parties to the note itself. Under these conditions the provisions of the guaranty contract as written were, to say the least, so far ambiguous that parol evidence was admissible to show the circumstances under which the note was made and to explain the true meaning and intent of the contract.

Appellant contends that the court erred in admitting in evidence a document offered by Larson which (with an exception apparently not material to the present controversy) was a copy of the original document by which the unit holders transferred their units to Larson as trustee. It appears that in connection with the litigation in Texas Larson had sent the original document to Texas and only had the copy in California at the time of the trial. There is nothing to indicate that he had sent the original out of the state for any improper purpose. We think the court did not err in admitting the copy which was received in evidence. Moreover, there is abundant evidence, aside from that document, that Larson at the time of making of the note and guaranty, was acting in the capacity of a trustee for Koenig and Steinbach as well as others.

The judgment is affirmed.

Houser, J., and York, J., concurred.